YTURRIA v. LANKFORD et al. (No. 7906.)

Court of Civil Appeals of Texas. San Antonio. Jan. 25, 1928.

Automobiles ⚖➡244(12, 44)—Evidence sustained finding automobile accident was caused by defendant's negligence and that plaintiff was free from contributory negligence.

In action for injuries to automobile and lady driver, sustained when defendant, after attempting flirtation, ran his automobile in front of plaintiff's while both were moving in same direction and so obstructed highway as to force plaintiff's car into ditch, evidence *held* sufficient to sustain finding that accident was caused by defendant's negligence without contributory negligence on part of plaintiff.

Appeal from District Court, Cameron County; A. M. Kent, Judge.

Action by Mrs. W. E. Lankford and husband against H. Yturria. Judgment for plaintiffs, and defendant appeals. Affirmed.

See, also, 4 S.W.(2d) 211.

Birkhead, Lang & Beckmann, of San Antonio, for appellant.

Homer R. Maxwell, of Harlingen, for appellees.

FLY, C. J. Mrs. W. E. Lankford, joined by her husband, W. E. Lankford, instituted this suit against appellant, to recover damages inflicted upon her by reason of the act of appellant in running his automobile in front of the automobile of appellees, both cars moving in the same direction from San Benito to Harlingen, and so obstructing the highway as to force appellees' car off the paved highway and into a ditch, almost demolishing it and damaging it in the sum of $750, and inflicting injuries on Mrs. Lankford, to her damage $1,000. The cause was submitted to a jury on special issues, and on the verdict judgment was rendered for damagé to the car in the sum of $575, and to the person of Mrs. Lankford in the sum of $250.

The evidence shows that Mrs. W. E. Lankford and Mrs. Everton, who live in Harlingen, on January 31, 1927, went in a coupé, the property of Mrs. Lankford, to San Benito, a few miles distant, to do some shopping, and after getting through with their shopping started back to their home. Just before getting out of San Benito they noticed appellant, whose car was being driven by a chauffeur, who seemed to be endeavoring to attract their attention and flirt with them. He passed them a number of times and would run directly in front of them in such proximity that they were compelled to turn around his car to avoid it. After going about three and a half miles from San Benito, appellant's car was driven rapidly past them, as he admits, at a rate of 60 or 65 miles, and was run right in front of Mrs. Lankford's car and so close to it that she was compelled to turn sharply to the right, and the car was upset and went into a ditch. There was no evidence of contributory negligence on the part of Mrs. Lankford, and she made no signals to appellant or the chauffeur. She drove at a moderate rate of speed, never going over 30 miles an hour. Neither of the women gave appellant any encouragement to flirt with them.

There was no evidence tending to show that any negligence in her manner of driving contributed in any way to the accident to appellees' car. No matter how fast she may have been running, that speed was not shown in any way to have caused or contributed to the overturning of the automobile. Appellant crowded close to and immediately in front of the automobile of Mrs. Lankford, and in order to avoid a collision with him she was compelled to turn sharply to the right. Mrs. Lankford may have run rapidly past appellant as testified by him and his employee, but there was no causal connection shown between such speeding by and the conduct of appellant in passing the car of appellees at a terrific rate of speed, running immediately in front of the other automobile and slowing up so as to cause those in the other car to so fear a collision as to swerve to the right to avoid the impact of a collision. There was no evidence to show contributory negligence upon the part of Mrs. Lankford. There was no evidence bearing upon the accident that tended to show that appellee could have done otherwise than she did to avoid the accident. The accident was caused alone by the lawless acts of appellant. Every issue arising from the evidence was presented by the court, and the jury properly found that the accident was caused by the negligence of appellant, and that no negligence upon the part of appellee Mrs. Lankford contributed to the accident. The first, second, and third propositions are overruled.

The fourth, fifth, sixth, seventh, eighth,

ninth, and tenth propositions are without merit and are overruled. While the court might with propriety have omitted much of the charge relating to the law of the road, still the unnecessary matter contained therein could not have had any influence upon the minds of any ordinary jury. It is evident that the jury considered nothing except the facts, most of which were undisputed, immediately surrounding the accident. The many passings and repassings of the cars were accounted for by the women, who showed that all were caused by continued chase of an amorous swain who by his flirtatious actions was endeavoring to attract the attention of two women, who did not desire his approaches. They in passing him were clearly endeavoring to avoid his advances, and although he claims to have had business further up the valley, which caused him to exceed the speed limit, he seemed to have enough time to so slow up his running as to give them an opportunity to pass. They did not slow up for him.

The judgment is affirmed.