## YTURRIA v. EVERTON et al.   (No. 7911.)

Court of Civil Appeals of Texas. San Antonio. Jan. 25, 1928.

Rehearing Denied March 28, 1928.

1. **Automobiles ⬅︎244(12, 44)—Evidence held to show automobile accident was caused by defendant's negligence, and that plaintiff was not contributorily negligent.**

Evidence *held* to show negligence of defendant, which was proximate cause of plaintiff's injury, and that plaintiff was free from contributory negligence, where after attempted flirtation he drove automobile in front of that in which plaintiff was riding as guest, forcing it into ditch.

2. **Automobiles ⬅︎226(2)—In guest's action for injuries in automobile accident, whether host drove at excessive speed was immaterial where no causal connection was shown between speed and accident.**

In action for personal injuries sustained in automobile collision brought by one who was riding as guest in car of another, it was unimportant and immaterial whether host was driving car at excessive speed when accident occurred, where no causal connection was shown between speed of car and accident.

3. **Automobiles ⬅︎224(5)—Guest held not responsible for host's negligence in operating automobile unless she encouraged violation of law.**

In action for personal injuries sustained in automobile accident brought by guest who was riding in car of another, plaintiff cannot be held responsible for negligence of host in operating car unless she in some way encouraged host in violating law, since it was not incumbent on guest to suggest way in which automobile should be operated.

### On Motion for Rehearing.

4. **Appeal and error ⬅︎930(1)—In determining sufficiency of evidence, evidence sustaining judgment will be taken as true.**

In reviewing sufficiency of evidence to support verdict for plaintiff, evidence sustaining judgment will be considered, and not that opposed to it; evidence sustaining judgment being taken as true.

Appeal from District Court, Cameron County; A. M. Kent, Judge.

Action by Mary Everton and husband against H. Yturria. Judgment for plaintiffs, and defendant appeals. Affirmed.

Birkhead, Lang & Beckmann, of San Antonio, for appellant.

Carter & Stiernberg and Homer R. Maxwell, all of Harlingen, for appellees.

FLY, C. J. This is a companion case to the case of H. Yturria v. Mrs. W. E. Lankford et al., 4 S.W.(2d) 210, this day decided by this court. Mrs. Everton was an occupant, as a guest, of a coupé automobile owned and driven by Mrs. W. E. Lankford, on January 31, 1927, to which an accident occurred on the road between San Benito and Harlingen. The cause was submitted to a jury through special issues and a verdict of $2,500 was rendered in her favor against appellant.

[1] The jury found that the appellant was guilty of negligence in operation of his automobile previous to and at the time the accident occurred, that such negligence was the proximate cause of the accident and consequent injuries to Mrs. Everton, and that Mrs. Everton was not guilty of any negligence previous to or at the time the injuries were received by her. The evidence sustains those findings, and shows that Mrs. Everton was a guest in the coupé of Mrs. Lankford, and they were on their way from San Benito to Harlingen where they resided. Appellant in his automobile, driven by an employee, passed them a number of times, slowing up alongside and in front of them, and making flirtatious advances to them. When he at times slowed up they would pass by him and he would speed up and pass by them, making amatory gestures to them. Neither of them responded in any manner to his gestures, nor in any way recognized his presence except to endeavor to avoid his pursuit. Mrs. Everton swore they first saw him at a stop sign going out of San Benito, and that there he tried to flirt with them. She testified:

"He kept running in front of us after that and beside us. He would run up beside us, and invited one of us to get in his car and one of them get in hers. I should judge that he did

that about half a dozen times, or maybe more. Yes, we tried to get away from him. We just tried to let him alone and act like we did not see him. We thought that he would be man enough to let us alone. He persisted in doing that for quite a while. He tried about half a dozen times to stop us. The first time when he said anything to us when he was beside us was, 'Hello, girls.' Then we dropped behind him and ran behind him. He would run in front of us and slow down and wait until we caught up even, and motion for us to stop. * * * Mr. Yturria tried to stop us, and we kept talking about it, and we kept thinking that after a while he would let us alone. Well, she said, 'I am a good mind to stop and bawl him out,' and I told her 'No, I don't think I would.' I told her I thought it best not to say a word, and act like we didn't see him. But he would get in front of us and then slow down and almost compel us to stop."

She swore that at last he went in front and almost stopped, putting on his brakes, and that Mrs. Lankford put on her brakes, which caused her car to upset. She testified:

"When she threw her wheel and put on her brakes, it just turned right around and headed towards the ditch, and in the ditch the front first turned over on top and then back half way over on the side again. He stopped and waited in the car until other people came to our assistance, and finally he came back and stood there and grinned."

Mrs. Lankford's car was wrecked. Appellee testified:

"The immediate effect of this turning over on me was that it bruised me and skinned me up, and I was bleeding, and it caused a miscarriage."

An operation became necessary to cause the delivery. She was in bed for a long time, and her health since has been impaired, and she lost 18 pounds in weight, and her medical and hospital bills amounted to $157. She swore that Mrs. Lankford, at the time and before the accident had her car under control, and at the time of the accident was going at the rate of 25 to 30 miles an hour. Mrs. Lankford was compelled to swerve to the right to avoid a collision with appellant who slowed up directly in front of her car.

The first proposition of appellant is overruled. No one denied that the automobile of Mrs. Lankford was wrecked, and that Mrs. Everton was bruised and injured seriously, and there was no error in the court assuming that injuries were inflicted.

[2] It was utterly immaterial and unimportant whether Mrs. Lankford was driving her car at an excessive rate of speed or not when the accident occurred, because no causal connection was shown between the speed of her car and the accident. There was no testimony tending to show that her automobile was moving over 30 miles an hour. The fact that appellant attained a speed of 60 or 65 miles to pass her did not show that she was running her car at an excessive rate of speed. It follows that there was no testimony that tended to show that Mrs. Lankford was operating her car at an illegal speed. The evidence did not disclose that Mrs. Everton urged or encouraged Mrs. Lankford to operate her car at a high rate of speed. Mrs Lankford swore that at one time during the chase that appellant was giving them, Mrs. Everton said, "Let's pass him and go on. Maybe he will let us alone." And Mrs. Everton said that one time when appellant passed them and stopped or slowed up, she told Mrs. Lankford, who had suggested stopping and bawling him out, "I said, 'No, just go on past him. Maybe he will let us alone.'" That was not said at the time appellant passed them the last time, but if it had been it did not indicate anything except a desire to escape the persistent and distasteful advances of appellant.

No matter how rapidly Mrs. Lankford may have been running, the evidence showed that the accident occurred just as appellant ran in front of her car, and that the passing was inseparably connected with the swerving of the car of Mrs. Lankford to the right.

[3] Mrs. Everton was a guest in the car of Mrs. Lankford and could not be held responsible for the manner in which the car was operated, unless she had in some way encouraged the owner in violating the law. It was not incumbent on the guest to suggest the way in which the automobile should be operated. No case brought to our attention has held that the negligence of the owner and operator of an automobile will be imputed to a guest if he or she has not warned or advised the owner as to the way in which the car is being operated. The suggestion of Mrs. Everton to Mrs. Lankford to pass the car and endeavor to rid themselves of the distasteful, insolent, and insulting advances of appellant cannot be successfully warped and distorted into encouragement to violate the law as to speed, even if it had any connection whatever with the attempt to avoid crashing into an automobile obstructing their way. If it be true that Mrs. Everton smiled or laughed at appellant as at one time they passed him, that certainly could not be construed into encouragement of Mrs. Lankford to make reckless speed, but, if anything, to encourage appellant in his woman chase.

None of the errors assigned is tenable, and the assignments and propositions are overruled.

The judgment is affirmed.

### On Motion for Rehearing.

[4] Appellant seems to lose sight of the rule that the evidence sustaining a judgment must be considered, and not that opposed to it. We assert again that there was no evidence tending to show any acts upon the part of Mrs. Lankford or Mrs. Everton that would

lead appellant to believe that his amorous approaches would be entertained. Both women swore that they gave no signals of invitation to appellant to make his approaches. Their evidence must be taken as true. Mrs. Lankford swore that she drove at a moderate rate of speed, not over 30 miles, and that must be taken as true no matter what appellant Lieck swore. The jury evidently did not credit their testimony, and this court cannot be guided by it, but must look at the facts from the standpoint fixed by the verdict of the jury.

There is no merit in the motion, and it is overruled.