## LOUISIANA OIL REFINING CORPORATION v. REED.*

Circuit Court of Appeals, Fifth Circuit.
May 12, 1928.

No. 5274.

1. Explosives ⊙⇒9—Seller's furnishing solvent with low flash point does not give right of action to buyer's employee unless proximately causing injury.

Seller's breach of duty in furnishing buyer a solvent having a flash point substantially lower than 96 degrees Fahrenheit, pursuant to agreement, does not give rise to a right of action in favor of buyer's employee for injuries unless such breach of duty was a proximate cause of injury.

2. Explosives ⊙⇒9—Buyer's employee, claiming injury because of seller's furnishing solvent with low flash point, had burden of proving injury was caused thereby.

In action by buyer's employee against seller of solvent for injuries alleged to have been sustained by reason of seller's failure to furnish solvent with a flash point at temperature of not less than 96 degrees Fahrenheit, burden was on plaintiff to prove that explosion and consequent injury were due to flash point's being less than 96 degrees Fahrenheit.

*Rehearing denied June 29, 1928.

**3. Explosives ⟨≈⟩9—Testimony as to temperature of room wherein explosion and injury occurred held improperly admitted without proof temperature was taken near date of accident.**

In action by buyer's employee against seller for injuries, alleged to have been sustained by reason of seller's breach of duty in furnishing a solvent with a flash point of less than 96 degrees Fahrenheit, admission of testimony relative to temperature of room wherein injury occurred *held* erroneously admitted without indicating relevancy by proof temperature was taken at a time sufficiently approximating date of accident.

**4. Explosives ⟨≈⟩9—Buyer's employee suing seller for injuries had burden of proving injury would not have resulted if product furnished had been as represented.**

In action by buyer's employee against seller for injuries alleged to have been sustained by reason of seller's breach of duty in failing to furnish a solvent with a flash point of 96 degrees Fahrenheit as agreed, plaintiff had burden of establishing that explosion and consequent injury would not have happened if product furnished by seller had actually been as represented.

Error to the District Court of the United States for the Western District of Louisiana; Benjamin C. Dawkins, Judge.

Action by Harry L. Reed against the Louisiana Oil Refining Corporation. Judgment for plaintiff, and defendant brings error. Reversed and remanded, with directions.

H. C. Walker, Jr., and Leon O'Quin, both of Shreveport, La. (Leon O'Quin, H. C. Walker, Jr., and Blanchard, Goldstein & Walker, all of Shreveport, La., on the brief), for plaintiff in error.

Huey P. Long, J. D. Wilkinson, C. Huffman Lewis, W. S. Wilkinson, and Harry V. Booth, all of Shreveport, La., for defendant in error.

Before WALKER, BRYAN, and FOSTER, Circuit Judges.

WALKER, Circuit Judge. This was an action by the defendant in error against the plaintiff in error, Louisiana Oil Refining Corporation, to recover damages for personal injuries sustained by the former, as a result of an explosion which occurred while he was performing work about the cleaning and dyeing machinery of his employer, Model Cleaners & Dyers, Incorporated. The parties are herein referred to by their designations in the trial court. The plaintiff's injury was attributed to the alleged fault of the defendant in falsely representing to plaintiff's employer and to plaintiff that a cleaning solvent, sold by defendant to plaintiff's employer for use in the latter's business, was the same in specifications and compound as a product known as Stoddard's solvent, or was like a solvent, made according to the Stoddard specifications, in that its flash point was between 96 and 105 degrees Fahrenheit; plaintiff's complaint alleging that the product so sold by the defendant had a flash point of 45 degrees Fahrenheit, with the result that fumes or vapor emitted from it at or above that temperature are subject to explosion or combustion by contact with a flame or spark, and that, while plaintiff was using in his employer's cleaning plant such product furnished by defendant, that product exploded at a temperature less than 50 degrees Fahrenheit, and caused a fire which resulted in the complained-of injuries to plaintiff. The defendant's answer, filed after the overruling of an exception of no cause of action, put in issue the material allegations of the complaint. In the trial, plaintiff introduced evidence relied on to sustain the cause of action asserted, and the defendant introduced evidence tending to prove that, by reason of defects in the machinery of plaintiff's employer, friction was created which resulted in sparks being emitted which caused the explosion, and which would have caused an explosion though the solvent used at the time of the explosion had had a flash point in excess of 96 degrees Fahrenheit. The defendant complains of action of the court in admitting evidence objected to and in giving and refusing instructions to the jury.

[1, 2] The cause of action asserted was based on claims which, in substance, were that defendant was in fault in furnishing, instead of a solvent whose flash point was at a temperature not less than 96 degrees Fahrenheit, a solvent whose flash point was at a temperature of less than 50 degrees Fahrenheit, with the result that, at such lower temperature, it would emit vapor or fumes subject to being ignited and causing an explosion, and that the circumstances attending the explosion which caused plaintiff's injuries were such that that explosion would not have occurred if the flash point of the solvent furnished by defendant had been, as represented by the defendant, between 96 and 105 degrees Fahrenheit. Though it was a breach of duty owing by the defendant to the plaintiff for the defendant to furnish to plaintiff's employer, for use in the latter's business, a solvent having a flash point substantially lower than 96 degrees Fahrenheit, that breach of duty did not give rise to a right of action in favor of plaintiff unless it was a proximate

cause of injury to plaintiff, and the burden was on the plaintiff to prove that the explosion and consequent injury to plaintiff were due to the flash point of the solvent furnished by defendant being less than 96 degrees Fahrenheit. A finding that the explosion was due to the flash point of that solvent being less than .96 degrees Fahrenheit would not be warranted in the absence of evidence tending to prove that the temperature at the time and place of the explosion was less than 96 degrees Fahrenheit, as the difference between the actual flash point of defendant's product and what defendant represented its flash point to be was not a cause of the injury complained of unless fumes or vapor emitted from that product when it was subjected to a temperature lower than its represented flash point was a cause of the explosion which resulted in the injury complained of. No allegation or proof indicated that defendant was under any duty to protect plaintiff from the risk involved in his working as an employee where and when the solvent furnished by the defendant was subjected to a temperature as high as 96 degrees Fahrenheit. An essential element of the cause of action asserted was the existence, at the time and place of the explosion which resulted in plaintiff's injury, of a temperature less than 96 degrees Fahrenheit, and the burden was on the plaintiff to prove that fact.

[3] The evidence as to the temperature at the place where the explosion occurred was testimony which was admitted over defendant's objection. A witness for the plaintiff was asked the following question: "Mr. Overcash, did you make a test of the temperature of the room of the Model Cleaners & Dyers, Incorporated, where this explosion occurred, while the plant was in operation?" Defendant's counsel objected to this question and the answer sought, for the reason that it was not admissible until its relevancy was indicated by proof that the temperature was taken at a time sufficiently approximating the date of the accident. After that objection was overruled and that ruling was excepted to, the witness, in response to the question, stated, in substance, that he took the temperature close to the tumbler over the washer while the machinery in the dry-cleaning room was in operation, and the thermometer showed 88 close to the line shaft. We think the question and the answer sought were subject to objection on the ground stated, especially as the evidence elicited was unaccompanied by evidence having any tendency to prove that the circumstances attending the deposed to taking of the temperature were substantially the same as those attending the explosion which resulted in plaintiff's injury. The evidence objected to and elicited furnished no substantial support for a finding as to the temperature of the room in which the explosion occurred at the time of, or in the circumstances attending, that explosion. Evidence as to the temperature in that room at an unidentified time, unaccompanied by any showing or offer to show that the conditions existing when the temperature was taken were the same or similar to those existing when the explosion occurred, was lacking in relevancy. Nothing in the record negatives the conclusion that the conditions affecting the temperature in the room mentioned when the deposed to taking of the temperature occurred were substantially different from those existing when the plaintiff was injured.

[4] The court refused to give the following instruction to the jury, requested by the defendant:

"If you do find that there were misrepresentations concerning the flash point of the commodity sold by the defendant to the Model Cleaners & Dyers, Incorporated, to hold the defendant liable you must find further that the explosion complained of would not have occurred if the product sold had actually been as represented and had had a flash point 96 degrees Fahrenheit."

The court's charge to the jury did not embody the proposition stated in the just quoted requested instruction or the equivalent of that proposition. The fault charged against the defendant being the furnishing by it of a solvent having a flash point substantially lower than the alleged represented flash point, and there being no allegation to the effect that any breach of duty owing by the defendant to the plaintiff was involved in plaintiff being exposed to the danger of an explosion by reason of the product furnished by defendant being subjected to a temperature of not less than 96 degrees Fahrenheit, a breach of the duty charged, and that such breach was a proximate cause of the injury complained of would not be shown by evidence having no tendency to prove that the explosion in question would not have happened if the product furnished by defendant had actually been as represented and had had a flash point at not less than 96 degrees Fahrenheit. The cause of action asserted could not have been sustained by evidence which failed to negative the conclusion that, at or about the time of the explosion in question, the product furnished by defendant was subjected to a tem-

perature not lower than 96 degrees Fahrenheit. In the absence of such evidence, a finding that the alleged difference between the actual and the represented flash point of defendant's product was a proximate cause of plaintiff's injury was not warranted. It was incumbent on the plaintiff to adduce evidence excluding the inference that at the time and place of the explosion the product furnished by the defendant was subjected to a temperature of not less than 96 degrees Fahrenheit, as, if it then was subjected to such a temperature, the risk involved was not chargeable to a breach of the alleged duty owing by the defendant to the plaintiff. We are of opinion that the burden was on the plaintiff to establish by a fair preponderance of the evidence that the explosion and consequent injury would not have happened if the product furnished by the defendant had actually been as represented, and that the court erred in making the ruling under consideration. Morrison v. Lee, 16 N. D. 377, 113 N. W. 1025, 13 L. R. A. (N. S.) 650. Evidence would not be such as is required to sustain the cause of action asserted unless it shows that the explosion in question would not have happened if the solvent furnished by the defendant had been as the defendant represented it. Under the issues raised, it was pertinent to determine whether the circumstances of the explosion were or were not such that the explosion would have happened even if the flash point of the solvent furnished by defendant was between 96 and 105 degrees Fahrenheit.

Other rulings complained of need not be passed on, as the questions presented may not arise in another trial.

Because of the above-mentioned errors, the judgment is reversed, and the cause is remanded, with direction that a new trial be granted.

Reversed.