CASE 64—PETITION ORDINARY—JAN. 16.

# Louisville & Nashville Railroad Co. v. Whitley County Courr.

APPEAL FROM WHITLEY CIRCUIT COURT.

1. NEW TRIAL—NEWLY-DISCOVERED EVIDENCE.—Newly-discovered evidence within the meaning of the law with reference to granting new trials, is not merely testimony, given, or that might be given, by living witnesses, but is any character of evidence competent

and allowable to illustrate and determine an issue of fact involved. In this case a railroad bed was located and constructed on the side of a hill, below a public highway, and as a consequence there was such a sliding of the earth away from the foundation of the highway as to render it almost useless, and in an action for damages it appeared that it was impossible to stop the sliding of the earth without the expenditure of a large sum of money, and a judgment for $10,000 was rendered against the company. Subsequently the railroad company brought this action for a new trial, alleging that since the judgment, the Whitley County Court had by the expenditure of $200 or $300 placed pipes under the highway so as to conduct away the water of a spring previously hidden, and as a result the sliding of the earth had been stopped, and also that there is now exposed, a rock bluff above the loose earth, the existence of which not hitherto known, makes it practicable to preserve the highway at a comparatively small cost, and it is held that the facts authorize the granting of a new trial.

J. W. ALCORN AND R. D. HILL FOR APPELLANT.

TINSLEY & FAULKNER AND K. D. PERKINS FOR APPELLEE.
(Record and briefs not in the office.)

CHIEF-JUSTICE LEWIS DELIVERED THE OPINION OF THE COURT:

April 14, 1892, a judgment was rendered in favor of the Whitley County Court against the Louisville & Nashville R. R. Co. for $10,000, and, on appeal to this court, was affirmed.

This is an action for vacation of said judgment and for a new trial upon the ground of newly-discovered evidence; and the inquiry is whether that evidence is material for the party applying and could, with reasonable diligence, have been discovered and produced at the trial.

As appears from the record of the original action, made part of this, the railroad bed of appellant was located and constructed on the side of a certain hill in Whitley county, below a public highway, and, as a

Louisville & Nashville Railroad Co. v. Whitley County Court.

consequence, there was such sliding of earth away from the foundation of the highway as to render it almost, if not quite, impassable and useless. Moreover, at the time of trial of the original action it appeared, and evidence introduced showed, that it was impossible to stop the sliding of the earth and preserve the bed of the highway without the expenditure of a very large sum of money, witnesses putting such required sum at $10,000 and more.

What appellant alleges in this action is that since the trial of the original action the Whitley County Court has, by the expenditure of $200 or $300, placed pipes under the highway so as to conduct away the water of a spring previously hidden, and, as the result, sliding of earth has been stopped. They also say there is now exposed a rock bluff above the loose earth, the existence of which, not hitherto known, shows the entire practicability of preserving the highway at comparatively small cost.

Notwithstanding appellant alleged and proved on the trial of this action said facts, the lower court decided the evidence offered by it "in support of its allegation of newly-discovered evidence was and is not, within the meaning of the law, newly-discovered evidence."

In our opinion newly-discovered evidence was not intended to be confined merely to testimony given or that might be given by living witnesses, but applies to any character of evidence, competent and allowable, to illustrate and determine an issue of fact involved.

To reject the alleged newly-discovered evidence in this case would involve the rejection of a newly-discovered landmark, showing the location of an ancient survey or the newly-discovered fact that what was believed to be human blood, and upon the faith of which accused person had been convicted, was since the trial demonstrated not to be blood, or indeed any other physical fact.

The unusually large verdict the Whitley County Court obtained against the Louisville & Nashville R. R. Co. was rendered because the jury believed, and were induced by the evidence to believe, the highway could not be reclaimed and preserved without the expenditure of that sum of money. If the newly-discovered evidence shows it to be practicable to accomplish such object at greatly less than that amount, the Louisville & Nashville R. R. Co. should not be required to pay, and the Whitley County Court can not, in justice and good conscience, ask for such sum.

In our opinion the new trial ought to have been granted, and the judgment denying it is reversed and cause remanded for proceedings consistent with this opinion.