## Anshutz v. Louisville Railway Company.
## Louisville Railway Company v. Anshutz.

(Decided March 12, 1913.)

### Appeals from Jefferson Circuit Court (Common Pleas Branch, Third Division).

1. New Trial—Newly Discovered Evidence—Injury to Young Married Woman Believed to Result in Barrenness—Subsequent Birth of Child.—In an action by a young married woman against a railroad company for damages for injuries while a passenger on one of its cars which resulted in an operation that, in the opinion of her physicians and that of the surgeon appointed by the company to examine the plaintiff and ascertain the extent of her injuries, rendered her barren, a verdict was rendered in her favor for $7,000.00. In June following the trial in December, she gave birth to a child, and thereafter the railroad company filed its action setting up this fact, and asked for a new trial of the former case. Held, a new trial was properly granted.

2. New Trial—When New Trial May Be Granted After Judgment.— A party may be granted a new trial after judgment against him where he subsequently discovers clear and unmistakable evidence that the vital and uncontradicted testimony upon which the judgment against him was based, was untrue.

3. New Trial—Newly Discovered Evidence—When New Trial Should Be Granted.—Where the newly discovered evidence is of such a conclusive nature as that it would with reasonable certainty have changed the verdict, or materially reduced the recovery, a new

trial should be granted if it is satisfactorily shown why the same was not discovered and produced at the trial.

BENNETT H. YOUNG for appellant.

FAIRLEIGH, STRAUS & FAIRLEIGH and HOWARD B. LEE for appellee.

OPINION OF THE COURT BY JUDGE TURNER—Affirming the first named appeal and dismissing appeal in the second named case.

In April, 1910, Lillian Anshutz, a young married woman twenty-three years of age, was injured while a passenger on one of the cars of the Louisville Railway Company. She was immediately taken to her home, and her family physician called, and he continued to attend her for some months.

She filed her action against the Louisville Railway Company for damages and set up in detail the nature and extent thereof. It appears that at the time of the accident she was enceinte, and that thereafter, on the sixth day of September, 1910, there was born to her a boy baby.

In April, 1911, she was taken to a hospital in Louisville, and after having been there a few days a serious operation was performed upon her, at which time it is shown by the several physicians and surgeons who were present that there was removed from her body both fallopian tubes, the whole of the left ovary and part of the right ovary.

The case came on for trial on the 21st of December, 1911. Previous to the trial, however, the court, upon motion of the railway company, appointed a surgeon to examine Mrs. Anshutz as to the nature and extent of her injuries and her then physical condition. On the trial all the physicians and surgeons who were present at the operation in April, 1911, testified as above indicated with reference to the nature of the operation, and in addition, that by reason thereof Mrs. Anshutz was made barren and could never have another child; they further stated that at the time of the trial there had developed a tumor in the abdomen of Mrs. Anshutz which would sooner or later necessitate still another, and possibly more serious, operation, which would probably endanger her life.

The surgeon appointed by the court, basing his testimony upon the history of the case as given to him by the other physicians and surgeons, testified in substance to the same thing.

The jury rendered a verdict for seven thousand ($7,000.00) dollars for the plaintiff, and the railway Company, having entered its motion and grounds for a new trial, and the same being overruled, appeals to this court.

On the third day of June, 1912, Mrs. Anshutz gave birth to another boy baby, and twenty-five days thereafter the Railway Company filed its action, setting up this fact, and asked for a new trial of the former case. To the petition in that case Mrs. Anshutz demurred, and her demurrer having been overruled, she answered, and the Railway Company having demurred to her answer, the court sustained the same, and after evidence was taken, granted a new trial, and from that judgment she appeals.

The two appeals were by order of this court heard together in an oral argument, and will now be considered together.

The petition for a new trial sets forth in detail the proceedings had and the evidence heard in the trial of the original case in the circuit court; but the chief reliance of the Railway Company for a new trial is the fact that the uncontradicted testimony of the physicians and surgeons on the trial was to the effect that Lillian Anshutz, as a result of the operation which became necessary by reason of the accident, was barren, and could never again bear children, and that the subsequent birth of her child in June, 1912, had shown conclusively that this evidence was untrue.

On the trial of the original case in the circuit court the evidence showed several different ways in which Mrs. Anshutz was injured by the accident, but it is urged for the Railway Company that by reason of the serious nature of the one injury referred to, and its far-reaching results, that it must have had, from the very nature of things, a controlling influence upon the jury in fixing the amount of the recovery.

The evidence on that trial disclosed with reasonable certainty that the accident was brought about by the negligence of the Railway Company, and in truth the trial resolved itself into merely a question of fixing the amount of the damages; and that being true, the uncon-

tradicted evidence of the physicians and surgeons as to the condition in which the accident had left this young woman must have necessarily had a strong and controlling influence in fixing the amount of the verdict.

From the very nature of the case, it was impossible for the Railway Company to have contradicted this evidence; it adopted the only method open to it in asking the court to appoint a surgeon to make a physical examination, and the evidence shows that the opinion of the examining surgeon was based wholly upon the statements of the physicians and surgeons who were present at the operation, and therefore shed no new light upon the physical condition of the woman.

Under such circumstances there was only one way to have disproved this testimony, and that was to have had another incision, which, of course, was out of the question. So that the question is, may a party be granted a new trial after judgment against him where he subsequently discovers clear and unmistakable physical evidence that the vital and uncontradicted testimony upon which the judgment against him was based was untrue?

Could any reasonable man suppose that if it had been demonstrated on the trial of that case, as it is now demonstrated by the subsequent developments, that what the doctors testified was a tumor in the abdomen of Mrs. Anshutz was, in fact, a foetus; and instead of a future operation that would endanger her life, nature would in due time assert itself and bring about the usual satisfactory results without permanent injury, it would not have changed the verdict of the jury or the amount of it?

Section 344 Civil Code provides:

"If grounds for a new trial be discovered after the term at which the verdict or decision is rendered, the application may be made by a petition filed with the clerk not later than the second term after the discovery —on which a summons shall issue, as on other petitions, requiring the adverse party to appear and answer it on or before the first day of the next term."

Section 340 of the Civil Code provides that a new trial may be granted on the application of the party aggrieved if his substantial rights have been materially affected for (subsection 7) "Newly discovered evidence material for the party applying, which he could not with reasonable diligence have discovered and produced at the trial."

While the petition for a new trial goes into great detail in setting forth the evidence and proceedings on the other trial, and does make some allegations of fraud and conspiracy, in its final analysis it is nothing more than a suit under section 344 of the Civil Code for a new trial upon the ground of newly discovered evidence by reason of the subsequent birth of the child by Mrs. Anshutz.

Upon considerations of public policy, the courts as a rule are not favorable to the granting of new trials; there must of course be an end to all litigation, and the law requires of litigants that they shall use due diligence in procuring and offering their evidence; but the sections of our Code above quoted were intended to apply to that class of cases where, from a combination of peculiar circumstances or unfortunate occurrences which could not be foreseen, there has been a miscarriage of justice, and the facts of this case are strongly illustrative of the wisdom of those provisions.

This court has many times dealt with and ruled upon applications for a new trial, and as a rule has denied them; but at the same time has fully upheld the provisions of our Code and applied them in proper cases. See L. & N. R. R. Co. v. Whitley County 100 Ky., 414; Duncan v. Allender, 110 Ky., 828; Allen v. Perry, 6 Bush, 85; Mercer v. King, 19 Rep., 781; Johnson v. Stivers, 95 Ky., 128; Mercer v. Mercer, 87 Ky., 21; Finley v. Tyler, 3 T. B. Monroe, 400; I. C. v. Colly, 27 Rep., 713; Louisville v. Oberle, 26 Rep., 845; Johnson v. Carter, 23 Rep., 591; Shely v. Shely, 20 Rep., 1021; Collins v. Burge, 20 Rep., 992; Hays v. Davis, 20 Rep., 342; Nall v. Lancaster, 19 Rep., 350.

From an examination of all these cases the rule is to be deduced that where the newly discovered evidence is of such conclusive nature, or even of such decisive or preponderating character as that it would with reasonable certainty have changed the verdict, or materially reduced the recovery, a new trial should be granted if it is satisfactorily shown why the same was not discovered and produced at the trial.

Applying this rule to the facts of this case, it cannot be doubted that a new trial was properly granted.

There is nothing stronger in nature than the inherent desire to propagate one's species, and the fact that one has been wrongfully deprived of the procreative power would certainly, and must properly, appeal not only to

the sympathy, but to the judgment of a jury and incline them to be liberal in the assessment of damages.

No reflection is intended upon the physicians and surgeons who testified; either there was some strange and unaccountable mistake, or one of those freakish things in nature has happened, which are so rare as that they are said by scientific people to be impossible.

The lower court having properly granted a new trial of the original suit of Anshutz v. Railway Company, we have not considered the appeal of the Railway Company in that case, but are of the opinion that the same should be dismissed.

The judgment of the lower court is affirmed in the first named appeal, and the appeal is dismissed in the last named case, each party to pay their own costs on that appeal.