## LOUISIANA OIL REFINING CORPORATION v. REED et al.*

### No. 5708.

Circuit Court of Appeals, Fifth Circuit.

Feb. 11, 1930.

Rehearing Denied March 7, 1930.

*Certiorari denied 50 S. Ct. 355, 74 L. Ed. —-.

See, also, 26 F.(2d) 14.

Henry C. Walker, Jr., and Leon O'Quin, both of Shreveport, La. (Blanchard, Goldstein, Walker & O'Quin, of Shreveport, La., on the brief), for appellant.

Frank J. Looney, Harry V. Booth, W. Scott Wilkinson, and C. Huffman Lewis, all of Shreveport, La., for appellees.

Before BRYAN and FOSTER, Circuit Judges, and GRUBB, District Judge.

BRYAN, Circuit Judge.

Appellee, a citizen of Louisiana, recovered judgment against appellant, a Virginia corporation, in an action for damages for personal injury caused by an explosion which occurred in the dry-cleaning plant of appellee's employer, the Model Cleaners & Dyers, Inc., a Louisiana corporation.

The case stated against appellant was that it had falsely represented to appellee and to his employer that a cleaning fluid which it sold to the latter for use in its dry-cleaning plant was like a product known as Stoddard's solvent, in that its flash point was between 96 and 105 degrees Fahrenheit, whereas in truth and in fact the cleaning fluid so sold had a flash point of only 45 degrees Fahrenheit. It was then alleged that the explosion occurred at a temperature much less than 96 degrees. Appellant in its answer admitted that the fluid which it sold to appellee's employer had a flash point of only 45 degrees, but defended on the ground that the explosion was caused by defective machinery in the dry-cleaning plant which gave out sparks, and would have occurred even though the flash point of that fluid had been in excess of 96 degrees.

Appellant contends that the trial court erred (1) in overruling its exceptions to the court's jurisdiction; (2) in allowing amendments to appellee's petition; (3) in admitting in evidence testimony for appellee that was objected to; (4) in denying its motion for a directed verdict; and (5) in refusing special instructions which it requested be given to the jury.

The original petition alleged that the Model Cleaners & Dyers Company had been paying weekly compensation at a stated rate to appellee, and it was made a party, so that it could assert its rights and stand in judgment according to the provisions of the Louisiana Workmen's Compensation Act, section 7 of which provides that the right of action of an injured employee against a third person for injury shall not be affected by the fact that he receives compensation from his employer under the act; but an employee who brings suit against a third person is required to notify his employer, and the latter has the right to come into such suit, and, in the event it is successful, to appropriate the judgment up to the amount of compensation previously paid, the excess to go to the employee. Section 7, Act No. 20 of 1914, as amended by § 1, Act 247 of 1920. The petition sought recovery, and judgment was entered, only against appellant. That judgment ran in favor of appellee, but it was for the benefit, however, of the Cleaners & Dyers Company up to the amount of compensation it had been required by the state statute to pay to appellee.

This is the second appeal in this case. The first trial resulted in a judgment for appellee, which was reversed, because in our opinion the trial court erred in admitting certain testimony and in refusing to give in its charge to the jury a special instruction requested by appellant. (C. C. A.) 26 F. (2d) 14.

After the case was reversed on the former appeal, and before the second trial, appellee amended his petition, first, by alleging that Stoddard's solvent had a flash point of not less than 100 degrees Fahrenheit; and, secondly, by adding allegations as to the necessity of using in the equipment of the Model Cleaners & Dyers Company a fluid with a high flash point. In the original petition, it was alleged that this equipment did not have a distiller such as theretofore had been attached to dry-cleaning equipment, whereas in the petition as amended it was further alleged that at the time of the explosion garments composed of wool and silk, which were liable to create static electricity, were being cleaned in a washer which formed a part of the dry-cleaning equipment.

The trial court admitted over appellant's objection and exception testimony by appellee that appellant's salesman, in making the sale of the fluid which afterward exploded, represented that product to his employer as being Stoddard's solvent; testimony by other purchasers that appellant's sales-

man, in making sales at about the same time or within two or three months afterward, also represented to them either that the product which he was selling was Stoddard's solvent or was equally as good, and was non-explosive; testimony by the manager of the Cleaners & Dyers Company to the effect that appellant's vice president, shortly after the explosion occurred, admitted that appellant did not have the equipment necessary to manufacture cleaning solvent according to Stoddard's specifications; testimony by several persons who had made, or witnessed the making, of tests and experiments, to the effect that appellant's product would burn or explode, while under the same conditions Stoddard's solvent would neither burn nor explode.

Appellee also testified without objection that his employer purchased appellant's product upon his recommendation, and that he approved the purchase in reliance upon the representations of appellant's salesman. It was admitted that appellant did not know the flash point of the product which it sold. The flash point of oil products is that degree of temperature at which fumes or vapors are emitted in sufficient quantities to flash or burn momentarily on the approach of a flame or spark. There was evidence for appellee to the effect that, at the time of the explosion, the temperature in the dry-cleaning plant and in the washing machine was less than 75 degrees Fahrenheit, and that Stoddard's solvent would not emit vapors in sufficient quantity to cause an explosion at a temperature below 100 degrees Fahrenheit.

Appellant requested the court to charge the jury that the burden of proof was on appellee, and that no presumption of negligence arose from the mere proof of accident and injury, that, in order to render a verdict for appellee, the jury must find that the absence of a distiller from the equipment of the Model Cleaners & Dyers Company made it more hazardous to use a cleaning fluid with a lower flash point than that which would be and is handled safely by others engaged in the same business, and that a verdict for appellee could not be based upon a finding that a cleaning fluid having the minimum flash point required by Stoddard's specifications is safer than one having a flash point of 45 degrees Fahrenheit; but, in order to render a verdict for appellee, the jury must find that the explosion would not have occurred if a cleaning fluid having the minimum flash point required by Stoddard's specifications had been in use at the time of the accident. The court refused these requests, but in its general charge instructed the jury that the burden of proof was on appellee to show that the negligence alleged was the proximate cause of the injury; that the absence of a distiller in the dry-cleaning plant was alleged as a reason which was made known to appellant for requiring a cleaning fluid which would be safe under the conditions which prevailed in the dry-cleaning plant; and that appellant could not be held liable unless the jury should find that the exposion would not have occurred if the product sold had actually been as represented.

The suit was one between appellee and appellant, and as to them the requisite diversity of citizenship existed. The fact that appellee and his employer were citizens of the same state did not deprive the court of jurisdiction. Appellee's employer was made a party in obedience to the requirements of the Louisiana Workmen's Compensation Act. It would be benefited by recovery of damages against a third party, and should therefore be aligned with the plaintiff to the action. This made the action one by two citizens of one state against a citizen of another, and gave the trial court jurisdiction by reason of diversity of citizenship.

The ground of the objection to the amendments to the petition is that they stated a new cause of action which was barred by prescription. The gist of the original action was the fraudulent representation by appellant's agent that its product was non-explosive when used under conditions which ordinarily prevailed in the dry-cleaning plant of the Cleaners & Dyers Company. The amendments did not state a new cause of action; but merely expanded and amplified the allegations of the original petition. This was permissible. Seaboard Air Line Ry. Co. v. Renn, 241 U. S. 290, 36 S. Ct. 567, 60 L. Ed. 1006; Newberry v. Central of Ga. R. R. Co. (C. C. A.) 276 F. 337.

Appellee was clearly entitled to prove the representations made in his presence to his employer by appellant's salesman, in view of appellee's testimony that the sale was made upon his approval. There was substantial testimony to support the inference that, but for appellee's approval, appellant's product would not have been used. The admission of appellant's vice president to the manager of the Cleaners & Dyers Company, to the effect that appellant did not have the equipment to manufacture a

product which would meet Stoddard's specifications, if true, showed conclusively that the salesman's representations were false. The testimony that similar representations were made to other prospective purchasers at or about the same time was admissible to establish that the representations were fraudulent as well as false. Castle v. Bullard, 23 How. 172, 186, 16 L. Ed. 424; Knudsen v. Domestic Utilities Mfg. Co. (C. C. A.) 264 F. 470.

The testimony concerning tests and experiments which were not shown to have been made under conditions substantially the same as those existing at the dry-cleaning plant may be assumed to have been inadmissible, but that testimony related to a matter that was not in dispute, as it stands admitted that appellant's product had a flash point that was much lower than that of Stoddard's solvent.

We are of opinion that error cannot well be assigned on the refusal of appellant's motion for a peremptory instruction. It is argued that there was no privity of contract between appellant and appellee, and that appellee failed to meet the burden of proof that was upon him by showing that the use of appellant's product was the proximate cause of the explosion. The action is one in tort, and not upon contract. Appellant must be presumed to have known the nature and the quality of its product, because its representations implied knowledge, and clearly it could not escape liability if it negligently, falsely, or fraudulently made misrepresentations which were relied upon by appellee to his damage and injury. Whether the explosion would have occurred if Stoddard's solvent or its equivalent had been used was a question for the jury, especially in view of substantial evidence that Stoddard's solvent would not have exploded at the temperature which prevailed in the dry-cleaning plant at the time of the accident.

There was no error in refusing to grant appellant's requests for special instructions. The court in its general charge made it plain to the jury that a verdict could not be based upon mere proof of accident and injury, and that appellant was not entitled to recover, unless he sustained the burden of proving the acts and negligence of which he complained. It is no more apparent to us than it was to the District Judge that appellee based his cause of action on the absence of a distiller in the dry-cleaning equipment. The fact that the equipment did not have a distiller was alleged as a reason which caused appellee's employer to require a solvent that was nonexplosive except at a very high temperature. The request for a special instruction to the jury that, before they could find for appellee, they must find that the explosion would not have occurred if appellant's product had actually been as represented, was given in substance in the court's general charge. An assignment of error complains of an alleged unfair argument of appellee's counsel to the jury; but we are unable to find that this assignment is supported by the bill of exceptions, and the brief for appellant does not aid us by an appropriate reference to the transcript. It is insisted that the verdict is excessive.

In a case like this, the question whether a verdict is excessive or not is one exclusively for the trial court to determine, and is not subject to be re-examined in an appellate federal court. Lincoln v. Power, 151 U. S. 436, 14 S. Ct. 387, 38 L. Ed. 224; Herencia v. Guzman, 219 U. S. 44, 31 S. Ct. 135, 55 L. Ed. 81; Southern Ry.-Carolina Division v. Bennett, 233 U. S. 80, 34 S. Ct. 566, 58 L. Ed. 860. There are other assignments of error, but they are either abandoned or not argued, and therefore will not be considered. Reversible error is not made to appear by any of the assignments.

The judgment is affirmed.