## SOUTHERN RY. CO. v. MONTGOMERY.

### No. 6058.

Circuit Court of Appeals, Fifth Circuit.

Feb. 18, 1931.

991

R. H. Scrivner, of Birmingham, Ala., Ely B. Mitchell, of Corinth, Miss., and J. T. Stokely, of Birmingham, Ala. (T. A. Clark, of Iuka, Miss., on the brief), for appellant.

Jas. A. Cunningham, of Booneville, Miss. (Floyd W. Cunningham, of Booneville, Miss., on the brief), for appellee.

Before FOSTER, Circuit Judge, and GRUBB and DAWKINS, District Judges.

FOSTER, Circuit Judge.

Appellee recovered judgment against appellant for $25,000, damages for personal injuries caused by his automobile being run into and himself injured on a grade crossing of appellant's railroad. Briefly stated, the declaration alleges that plaintiff stopped his car and killed his engine on a public road before crossing the track; that a freight train was being switched on the track and his view was obscured by other cars standing on the switch tracks; that the way across the tracks was open; that he was signaled to by the conductor of the freight train to come across; that he did so and the train was negligently backed up by the engineer, causing the accident. It was alleged that the engineer was negligent in reversing his engine and backing his train upon the crossing, and that the conductor was negligent because he failed to make any distress signal to the engineer or to take any precaution to prevent the accident. It was not alleged that the action of the conductor in signaling the plaintiff to cross the track was negligent. In the course of his instructions to the jury the court gave the following charge to which error is assigned: "Now, gentlemen, if you believe from a preponderance of the evidence in this case that the plaintiff, Dr. Montgomery, while in a safe place, was given an invitation by an employee of the railroad company present on this occasion, to proceed to cross the railroad track, and that Dr. Montgomery, in pursuance to this invitation extended to him to cross the railroad track, was injured because of his invitation, it would be your duty to find a verdict for plaintiff."

This instruction was several times repeated in substantially the same language and was clearly the main issue upon which the case was submitted to the jury. From the facts shown, the mere invitation to cross the track could not possibly have been negligence without the concurring negligence of the engineer in backing up his train. Nowhere in the charge of the court was this theory of the case submitted to the jury, nor was the theory of appellant's defense that the plaintiff mistook a signal to the engineer to back up for a signal to cross the track, although charges to that effect were requested. Even had the invitation to cross amounted to negligence, it is well settled that in federal courts a plaintiff can recover only on the allegations of his pleadings and cannot recover on some other act incidentally appearing in the proof. Hines v. Jasko (C. C. A.) 266 F. 336; Union Pac. v. Garner (C. C. A.) 24 F.(2d) 53; Wash. Railroad v. Bradley, 77 U. S. (10 Wall.) 299, 19 L. Ed. 894. It follows that the instruction was misleading and erroneous.

Appellant complains that the verdict is so excessive as to evince passion and prejudice on the part of the jury. While this criticism would seem to be somewhat justified, this was a matter to be considered by the trial court and to be controlled by requiring a remittitur or by awarding a new trial. N. Pac. R. Co. v. Herbert, 116 U. S. 642, 6 S. Ct. 590, 29 L. Ed. 755; Gila Valley Ry. Co. v. Hall, 232 U. S. 94, 34 S. Ct. 229, 58 L. Ed. 521. We have no jurisdiction to correct a verdict because it is excessive.

Other errors assigned are not without merit, but, as the erroneous charge requires a reversal and they may not recur, we refrain from discussing them.

Reversed.