## NATIONAL BOX CO. v. WROTEN.
### No. 6833.

Circuit Court of Appeals, Fifth Circuit.
June 29, 1933.

Luther A. Whittington, of Natchez, Miss., for appellant.

Chas. F. Engle and S. B. Laub, both of Natchez, Miss., for appellee.

Before BRYAN, FOSTER, and HUTCH-ESON, Circuit Judges.

FOSTER, Circuit Judge.

This is an appeal from a judgment awarding appellee, Wroten, damages for personal injuries. The case was submitted to the jury on conflicting evidence. There was evidence tending to show the following state of facts: Appellant operates a sawmill at Natchez, Miss. The mill is situated at the top of a hill on the banks of the Mississippi river. Logs are taken out of the river by derrick boats, loaded on cars, and the cars are hauled up to the mill over a double track by means of a ¾-inch steel cable, which is operated by a drum and an engine situated at the top of the incline, some little distance back from the brow of the hill. The mill is abount 70 or 80 feet above the river and the length of the in-

cline is approximately 500 feet. It was customary for employees, in the course of their work, to walk to and from the mill to the river on the railroad track. The drum is so situated that the men operating it cannot see a person on the track after he has progressed about 20 feet on the track. The track was some ten years old and in bad repair. In some places the spikes holding the rails protruded above the flanges of the rails. At times when the cable was slacked off it would catch upon these spikes and suddenly whip over when the tension was applied. This condition had existed over a year and was well known to appellant. It would cost about $150 to $200 to make necessary repairs. The mill employs about 500 men and has some 18 or 20 different departments, each in charge of a foreman, with a general superintendent in authority over all of them. Wroten was a foreman in charge of one of the derrick boats. On the day of the accident, in the course of his employment, he walked down the track, and as he crossed over, the cable caught on the head of a spike, then whipped over and struck him on the leg, knocking him down and injuring him.

The court charged the jury, in substance, that if the injury to plaintiff was the result of a pure accident that could not ordinarily be foreseen as likely to happen to one using the caution that an ordinarily prudent man would exercise under similar circumstances, judgment should be for the defendant; that the defendant was not the insurer of the plaintiff's safety; but if the defendant was negligent in furnishing him with a safe place to work, and that as a direct and proximate result of that negligence he sustained injuries, he could recover; that under the law of Mississippi his contributory negligence would not bar recovery but the jury could reduce his damages in the proportion that his negligence contributed to the injury.

There was no exception to the charge of the court, but error is assigned to the refusal to direct a verdict for defendant at the close of the evidence. It could not be questioned that it was the duty of the employer, if it permitted its workmen to use the track in going to and fro between the mill and the river bank, in the course of their employment, to use reasonable care for their safety in doing so. There was sufficient evidence to sustain the verdict if the conflict was resolved in favor of plaintiff. The assignment is without merit.

The only other error assigned is to the refusal of the court to grant a new trial. It

is elementary that the granting or refusing of a new trial in federal courts is within the sound discretion of the judge and error cannot be assigned to his action in respect thereto.

The record presents no reversible error.

Affirmed.