## HIATT v. PEDDY.

### No. 7380.

Circuit Court of Appeals, Fifth Circuit.

Nov. 6, 1934.

Walter A. Harris, of Macon, Ga., and H. A. Wilkinson, of Dawson, Ga., for appellant.

Chas. M. Cork, of Macon, Ga., and E. L. Smith, of Albany, Ga., for appellee.

Before BRYAN, SIBLEY, and HUTCHESON, Circuit Judges.

BRYAN, Circuit Judge.

This is a suit by the receiver of the Dawson-City National Bank to enforce an assessment of the comptroller of the currency against J. W. Peddy, as the owner of ten shares of that bank's stock. A demurrer, the principal ground of which was that the allegation of the petition was insufficient to show that Peddy was the owner of the stock upon which he was assessed, was sustained, and the petition dismissed. The receiver appeals.

The petition seeks to show the consolidation, pursuant to 12 USCA § 33, on December 29, 1931, of the Dawson National and the City National Banks, under the charter of the latter, and under the title "Dawson-City National Bank." It. alleges an agreement to consolidate entered into by a majority of the board of directors of each bank on November 18; publication of notice in a newspaper for four consecutive weeks beginning November 26 that a meeting of the stockholders of each bank would be held on December 29 for the purpose of determining whether the agreement of the directors would be ratified by the stockholders; ratification and confirmation of the agreement by more than two-thirds of the stockholders of each of the two banks, and certificate of approval of the consolidation by the comptroller of the currency, on December 29. The agreement proposed by the directors and ratified by the stockholders, though not formally executed until December 22, was alleged and shown by exhibits to have been prepared and approved by the directors on or before November 18. The notice published by the Dawson National contained a statement that this agreement was on file with it and open to inspection by its stockholders. In all other respects the statute, 12 USCA § 33, was strictly complied with. Under the plan of consolidation the stockholders of the Dawson National were allotted one share of the stock of the consolidated bank for each share of stock of the Dawson National held by them, but the par value was reduced from $100 to $25 per share. The petition further alleges that at the time of the consolidation Peddy was the owner of

ten shares of the Dawson National stock; that a copy of the notice of the meeting of stockholders was mailed to and received by him more than ten days before that meeting; that Peddy, although he did not vote for or against the consolidation, gave no notice to the directors of the Dawson National within twenty days from the date of the comptroller's certificate of approval that he dissented from the plan of consolidation as adopted and approved; and that Peddy did not receive his certificate of stock "because he did not request it." The petition also alleges the insolvency of the Dawson-City National, an assessment by the comptroller of 100 per cent. of the par value of its stock, and a demand by the receiver upon Peddy for payment of $25 per share upon ten shares of stock standing in his name.

██ A shareholder who does not vote for a consolidation, which nevertheless is effected, "may give notice to the directors of the association in which he is interested within twenty days from the date of the certificate of approval of the comptroller that he dissents from the plan of consolidation as adopted and approved, whereupon he shall be entitled to receive the value of the shares so held by him." 12 USCA § 33. Dissent is the only method the law provides whereby a stockholder of a consolidating bank may avoid being bound by the plan of consolidation. All other methods of withdrawal are precluded, not in so many words, but by necessary implication. In re Buist's Estate, 297 Pa. 537, 147 A. 606; Littrell v. Craig (D. C.) 1 F. Supp. 491. In the plan of consolidation here alleged, Peddy was put to his election to dissent and take the value of his old stock or to accept for the old new stock of the consolidated bank. The statute cannot reasonably be so construed as to leave in doubt the question who are and who are not shareholders of a consolidated bank. It adopts the simple method of providing in effect that all shareholders, except those who promptly dissent, give their consent.

It is immaterial that Peddy failed to call for and receive a certificate of stock (Pacific National Bank v. Eaton, 141 U. S. 227, 11 S. Ct. 984, 35 L. Ed. 702); or even that his name does not appear on the books of the consolidated bank as owner of stock (Early v. Richardson, 280 U. S. 496, 50 S. Ct. 176, 74 L. Ed. 575, 69 A. L. R. 658).

██ The minor point is made that at the time it is alleged Peddy received notice of the stockholders' meeting the agreement of the directors had not been formally executed by them, and hence could not have been on file at the bank, as stated in the notice. It was sufficient that the proposed agreement, though unsigned, was identified by reference and adopted by resolution of the directors before they issued a call for a meeting of the stockholders. The statement in the notice that the agreement was on file at the bank was not required by law, and, if untrue, may be treated as superfluous. A notice which states the time, place, and object of the stockholders' meeting contains all that the law requires.

The judgment is reversed, and the cause remanded for further proceedings not inconsistent with this opinion.