**STRECKFUS STEAMERS, INC., v. SHUT-.TLEWORTH.\***

No. 4070.

Circuit Court of Appeals, Fourth Circuit.

Nov. 9, 1936.

C. W. Strickling, of Huntington, W. Va. (Douglas W. Brown, Jackson N. Huddleston, and Fitzpatrick, Brown & Davis, all of Huntington, W. Va., on the brief), for appellant and cross-appellee.

\*Rehearing denied 86 F.(2d) 1013.

A. A. Lilly, of Charleston, W. Va. (Robert E. White, of Huntington, W. Va., and Lilly & Lilly, of Charleston, W. Va., on the brief), for appellee and cross-appellant.

Before PARKER and SOPER, Circuit Judges, and GLENN, District Judge.

PER CURIAM.

This is an appeal from a judgment for plaintiff in an action to recover damages for personal injuries sustained while plaintiff was a passenger on an excursion steamboat operated· by defendants. The injuries resulted from the explosion of a firecracker thrown by another passenger; and the negligence alleged was the failure of defendant to take reasonable precautions to prevent the shooting of firecrackers by other passengers on the crowded excursion boat, where such shooting was fraught with grave danger. There was a clear conflict in the evidence as to whether such reasonable precautions were taken as the circumstances of the case required; and there can be no question but that the issue presented was one for the determination of the jury. See Northern Commercial Co. v. Nestor (C.C. A.9th) 138 F. 383. The exception to the refusal to direct a verdict for defendant cannot therefore be sustained.

Other exceptions are equally without merit. The instruction that certain positive testimony of defendant as to precautions taken was not contradicted by negative testimony of persons who denied seeing and hearing the things and acts relied on as precautions, although a number of them were in position to have seen and heard, was properly denied; and the charge of the court as to the weight to be given positive and negative testimony covered everything to which defendants were reasonably entitled with respect to the rules applicable thereto. The comment of the trial judge in excluding the evidence of the witness Tawney was promptly withdrawn and the jury were instructed to disregard it; and it could not have prejudiced defendants, in any aspect of the case, as it was a mere statement of what must have been obvious to everyone. With respect to the refusal to set aside the verdict and grant a new trial for after discovered evidence, nothing is better settled in the federal courts than that this is a matter resting in the sound discretion of the trial judge. There is no

ground for the argument that it was because of the after-discovered evidence that plaintiff was put on terms to remit a portion of the verdict as a condition of its being allowed to stand. The court found that the verdict was excessive, and very properly put the plaintiff on terms resulting in the reduction of the recovery to what was deemed reasonable. Plaintiff consented under protest to the terms imposed by the court; and this would present a troublesome question, as the verdict could not be reduced without plaintiff's consent, and plaintiff could not at the same time grant and withhold her consent to the reduction. Plaintiff, however, has withdrawn her protest at the bar of this court, and defendant cannot, of course, object to the reduction.

The questions of fact involved in the case were matters for the jury, and the questions of law involved are too well settled to justify discussion. The judgment appealed from will accordingly be affirmed.

Affirmed.