## ROACH v. STASTNY.
### No. 6679.

Circuit Court of Appeals, Seventh Circuit.
June 2, 1939.

Fred I. Simon, of Chicago, Ill., for appellant.

Roger J. Kiley, of Chicago, Ill. (Daniel J. Lamont, of Chicago, Ill., of counsel), for appellee.

Before SPARKS, TREANOR, and KERNER, Circuit Judges.

SPARKS, Circuit Judge.

This appeal presents the question whether or not appellant was a stockholder in a national bank which failed, liable for the superadded amount assessed against all shareholders by the receiver by virtue of section 5151 of the Revised Statutes, 12 U.S.C.A. § 63.

The receiver's bill of complaint was predicated on the allegations that four banks, including a national bank in which appellant had sixty shares of stock, and three state banks, merged into one institution on December 15, 1930, with the approval of the Comptroller of the Currency; that appellant was the holder of sixty shares of stock in the First National Bank; that all stockholders were given one share of stock in the First American National Bank in lieu of two shares in any of the four banks; that the consolidated bank was closed June 21, 1932, by resolution of its board of directors, and a receiver subsequently appointed; that on August 25, 1932, the Comptroller of the Currency made an assessment against all stockholders of the consolidated bank, including appellant, of 100% of the par value of their stock; and that appellant refused to pay such assessment.

In answer appellant admitted his ownership of sixty shares of the stock of the old bank, the allotment of one share in the new for two in the old bank, the appointment of a receiver and the assessment. In defense he set up the facts of his refusal to join in the merger and his demand on the old bank for payment for his sixty shares. He also filed a counterclaim for $1200 salary alleged to be due him as vice-president of the old bank, and $3000, the value of his stock in the old bank as of the date of the consolidation in which he refused to join.

Appellant was a stockholder and officer in the First National Bank of Berwyn, having purchased his stock in 1927. In 1930, negotiations were had for the consolidation of that bank and three banking associations organized under the laws of the State of Illinois, culminating in the merger of the four banks into the First American National Bank and Trust Company completed December 15, 1930, pursuant to the provisions of the National Banking Laws relating to the consolidation of national banking associations as amended February 25, 1927, 44 Stat. 1224. According to the pro-

visions of the plan of merger, each stockholder in a consolidating bank was to receive one share of stock in the new bank for two in any of the old banks. Appellant objected to the plan of consolidation, and on December 8, 1930, wrote to the First National stating that since he did not feel that the merger was to the best interests of the stockholders he wished to voice his objections thereto, and demanded that the money which he had paid for the sixty shares of stock which he held be returned to him, and that upon receipt of the money he would surrender his certificate of stock. On the same day, December 8, 1930, he wrote the Comptroller of the Currency to the effect that there was to be a meeting of stockholders on December 10, 1930, to ratify an agreement providing for the consolidation of the First National Bank and the three other banks, and that his name appeared on the original printed notice calling the meeting, his agreement to that procedure having been forced out of him by certain facts the nature of which he did not disclose except to say that there was a controversy between him and the president of the First National arising out of the latter's conduct toward him which led him to doubt his integrity and his fitness to be in charge of the institution.

Thereafter the consolidation was effected and approved, and appellant was notified to send in his stock certificate for cancellation pursuant to the plan whereby stock in the new bank would be issued to him. He did not surrender his certificate and no new stock was ever issued to him. He testified that he did make a number of trips to the bank to talk to the president about surrendering his stock in the old bank and receiving his money back for it. The president of the new bank also testified that he had a conversation with appellant and the president of the old bank relative to appellant's cashing in his old stock, and that he was transfer officer in the new bank and knew that appellant did not accept any stock in the new bank, nor had he ever written any certificate for new stock for him.

Appellant also offered and was denied leave to introduce proof that he had taken an expert accountant to the new bank twice within twenty days after the consolidation, for the purpose of appraising the value of his stock in the old bank, in order to surrender that stock and receive payment for it.

The court instructed the jury that appellant had failed to sustain the one defense offered in the case, namely, that he had given notice of his dissent from the consolidation; that the statute provides the means by which a dissenting stockholder in a prior bank can not be charged with liability on his stock in a consolidated bank; and that the evidence received in the case failed to show that appellant gave notice to the directors of the new bank of his dissent from the plan of consolidation within twenty days after it became effective, hence appellee was entitled to judgment.

Thirty days after the entry of the judgment on the directed verdict, appellant moved for a new trial on the ground, inter alia, of newly discovered evidence. In support of this, he filed his verified petition stating that upon inquiring of his attorney the reasons for the directing of the verdict, his attorney told him that it was necessary for him to notify the directors of the consolidated bank of his dissent, whereupon he recalled that he had sent written notice to the board of directors that he objected to the use of his name in the list of members of the board of directors because he was not a stockholder in the consolidated bank, had refused to accept any stock in it, had dissented from the merger and demanded his money back on his old bank stock, and that he had endeavored to secure supporting affidavits from those board members, but because of certain pending litigation they had refused to give him such affidavits. Appellant also sought at this time to introduce a letter sent January 7, 1938, by a deputy comptroller stating that the consolidation was had pursuant to Title 12, U.S.C., § 33, 12 U.S.C.A. § 33. The significance of this lay in the fact that the procedure prescribed in this section which relates to the consolidation of national banking institutions, provided for notification of dissent from consolidation to the directors of the consolidating bank rather than to those of the consolidated one. The District Court overruled the motion for new trial.

The statute providing for consolidation of national and state banks in effect when the consolidation here involved took place provided as follows (44 Stat. 1225):

"\* \* \* When such consolidation shall have been effected and approved by the comptroller any shareholder of either the association or of the State or District bank so consolidated, who has not voted for such consolidation, may give notice to the directors of the consolidated association within twenty days· from the date of the certificate of approval of the comptroller that he dissents from the plan of consolidation as adopted and approved, whereupon he shall be entitled to receive the value of the shares so held by him, to be ascertained by an appraisal made by a committee of three persons, one to be selected by the shareholder, one by the directors of the consolidated association, and the third by the two so chosen. \* \* \*"

 We agree with the District Court and appellee that the evidence introduced or offered by·appellant was not sufficient to establish the fact of his compliance with the statutory provision for notice to the directors of the consolidated association of his dissent from the plan of consolidation. We are also of the opinion that the court was not bound to order a new trial on the ground of newly discovered evidence in order to enable appellant to set forth facts within his own knowledge at the time of the trial, even though their existence may not have been known to his·attorney then, and their significance was not known to himself.

 We agree with the holding of the Court of Appeals for the Fifth Circuit in the case, Hiatt v. Peddy, 73 F.2d 235, 236, involving a very similar situation. There the court said:

"\* \* \* Dissent is the only method the law provides whereby a stockholder of a consolidating bank may avoid being bound by the plan of consolidation. All other methods of withdrawal are precluded, not in so many words, but by necessary implication. \* \* \* In the plan of consolidation here alleged, Peddy was put to his election to dissent and take the value of his old stock or to accept for the old new stock of the consolidated bank. The statute cannot reasonably be so construed as to leave in doubt the question who are and who are not shareholders of a consolidated bank. It adopts the simple method of providing in effect that all shareholders, except those who promptly dissent, give their consent."

It is true that in that case the shareholder did nothing to manifest his dissent from the plan, whereas in the case at bar he did attempt to withdraw, but without complying with the requirements for effective withdrawal. We think nothing less is of any avail to him. Abortive notice to the consolidating bank, conversations with various individuals connected with the banks, written notice to the Comptroller of the Currency of some vague objections to the management of the consolidating bank, none of these constituted the necessary notice of dissent provided for by the statute. In the absence of such notice, the stockholder remains such upon consolidation of the association in which he is interested with other associations. That no certificate of stock in the consolidated bank was ever issued to him, and that there was no proof that his name appeared on its books is immaterial since there is no question about the facts that he was a shareholder in the old and that he did not take the proper steps to stay out of the new. Cf. Early v. Richardson, 280 U.S. 496, 50 S.Ct. 176, 74 L. Ed. 575, 69 A.L.R. 658.

 Appellant also assigns as error the refusal of the court to permit his attorney to testify on matters within his personal knowledge. However, no offer of proof was made, and no exception was taken to the ruling, hence we need not consider this alleged error. He also complains that he was not allowed to amend his pleadings prior to trial. There is no showing as to what the amendment was to consist of nor what the appellant expected to accomplish by it, hence we cannot say that the court abused its discretion in denying leave to amend.

 Appellant also urges that he is entitled to rely upon the alleged determination of the Comptroller that the consolidation was carried out pursuant to section 33, Title 12 of the United States Code, 12 U.S.C. A. § 33, relating to the consolidation of national banking associations. However, the fact remains that the consolidation involved took place between one national bank and three state banks, and nothing a deputy comptroller wrote about it seven years later could operate to change the facts then involved. While the procedure

followed by appellant might have been effective to bring about his withdrawal and entitle him to recover the value of his stock had the consolidation actually been pursuant to section 33, in fact it was controlled by the statute referred to above, and appellant was bound to comply with its terms if he wished to obtain the relief afforded by it.

With respect to appellant's counterclaim, it is clear that he was not entitled to recover the value of his stock in the old bank, having failed to comply with the statutory requirements provided for that purpose. In addition, it has been generally held that a stockholder may not set off any claim which he may have against his bank in a suit by a receiver to recover superadded liability for the reason that to allow such offset would be to permit the stockholder a preference over other creditors. For this reason, we are of the opinion that appellant was not entitled to prove his claim alleged to have arisen against the old bank for $1200 unpaid salary in this action. See Roth v. Baldwin, 64 App.D.C. 90, 74 F.2d 1003.

Judgment affirmed.