## PULLMAN CO. v. GRIFFITH.
### No. 9220.

Circuit Court of Appeals, Fifth Circuit.
Jan. 30, 1940.

Rehearing Denied Feb. 23, 1940.

Moncure Dabney, L. Bryan Dabney, and F. Y. Dabney, all of Vicksburg, Miss., for appellant.

R. M. Kelly and A. A. Chaney, both of Vicksburg, Miss., for appellee.

Before FOSTER, HOLMES, and Mc-CORD, Circuit Judges.

HOLMES, Circuit Judge.

This appeal is from a judgment for damages for injuries to appellee resulting from the negligence of appellant in denying him the berth and transportation facilities to which he was entitled.

The appellee had spent the month immediately prior to December 13, 1936, in the Veterans Hospital at Hines, Illinois, under observation and treatment for an exophthalmic goiter (from which he had suffered for several years), and for a weakened heart, which was the apparent result of the goiter. On December 13, 1936, he was discharged from the hospital, and, having been provided with government transportation, including meals and Pullman berth, boarded the train for the journey from Chicago, Ill., to his home near Vicksburg, Miss. His tickets were in proper form, and designated the Pullman car in which he was to travel and the particular berth which had been reserved for him.

The appellee's testimony shows that, after boarding the train, he entered the proper Pullman coach and presented his tickets to the Pullman conductor; that the conductor examined his tickets and advised him that he did not have a Pullman ticket and would have to sit in the day coach. Appellee told the conductor that he was sick, and offered to pay any additional sum that might be required to entitle him to the berth. To this the conductor replied that he was "no damned ticket agent," and that, if appellee wanted to ride on the train, he would have to do so in the day coach.

The appellee was thereby required to ride in the day coach from Chicago to Vicksburg, sitting up for a period of twenty-three hours on the journey. This strain greatly aggravated his physical ailment: His throat closed up and he suffered pains all over his body; he was made very nervous; and it caused him to suffer a hemorrhage on the train and others after reaching home. His injuries were serious and permanent. Physicians were introduced who corroborated him as to his condition and stated that the long ride in the day

coach was sufficient to have caused the aggravated suffering of which he complained.

The appellant introduced six witnesses, all of whom testified that they were working on the train and did not remember the appellee or any of the circumstances related by him. The Pullman conductor testified that the berth had been reserved for the appellee, but, not being called for by him, was sold to some one else. None of the train crew had any knowledge of the matter. It is argued that the trial court erred in refusing to grant appellant's motion for a directed verdict on the ground that the preponderance of the evidence in its behalf was so overwhelming as to render the testimony of the appellee unbelievable by any fair and reasonable man.

We are unable to acquiesce in this view. It is true that the testimony involving essential facts weighs in favor of the appellant on a numerical basis in the ratio of six to one, but it is admitted that appellee made the trip on the train and held tickets entitling him to a Pullman berth which he did not occupy. His general reputation for truth and veracity has not been impeached; his testimony as to what took place between him and the conductor is consistent with the admitted facts and not contrary to all reasonable probability. Therefore, there is substantial evidence sufficient to support the verdict.[1]

The judgment of the district court is affirmed.

[1] Howard v. Louisiana & A. R. Co., 5 Cir., 49 F.2d 571; Woodward v. Atlantic Coast Line R. R., 5 Cir., 57 F.2d 1019; Reid v. Maryland Casualty Co., 5 Cir., 63 F.2d 10; Heatherly v. Southern R. Co., 5 Cir., 106 F.2d 894; Faulkner v. Middleton, Miss., 190 So. 910.