### DIXIE MOTOR COACH CORPORATION v. LANE.

### SAME v. ROBINSON.

### No. 9593.

Circuit Court of Appeals, Fifth Circuit.

Dec. 9, 1940.

Rehearing Denied Jan. 14, 1941.

---

HOLMES, Circuit Judge.

Although separate pleadings were filed and separate judgments were entered in these cases in the court below, they are presented on appeal in one record and one argument. They arose out of the same facts; the controlling principles in each are the same; and they will be disposed of in one opinion.

Late in the afternoon on July 6, 1938, the appellees were travelling on a watermelon truck on U.S. Highway 77 between Marietta and Ardmore, Oklahoma. The truck ran off the road on the left side, and collided with an automobile being driven in the opposite direction, injuring these appellees. The negligence of the appellant bus company was alleged to have been the sole cause of the injuries. In the court below, motions for directed verdicts were overruled, and the jury awarded judgments to each. On this appeal, we must decide whether the verdicts are supported by any substantial evidence, and whether appellees were, under the proof, guilty of contributory negligence.

The three plaintiffs below, all of whom were travelling on the truck, testified to these facts: They were riding at a speed of 30 miles per hour on a Ford V 8 truck loaded with 8000 to 10000 pounds of watermelons. As they rounded a gradual curve into a straight stretch of 20-foot paved highway, a passenger bus, owned by appellant, passed them on the left at a speed of 50 miles per hour. As soon as the bus drew clear of the truck, it turned back into the right lane of the highway immediately in front of the truck, and, without warning, slowed its speed so suddenly that the driver of the truck had to turn either to the right or left in order to avoid colliding with the rear of the bus. There was a bad wash in the shoulder of the highway on the right, so the driver of the truck turned as sharply to the left as possible. When he reached a point on the highway where his view of the road ahead was not obstructed by the bus, he saw an automobile approaching from the opposite direction, not many yards distant. He believed that to remain on the highway would result in a collision with the automobile, so he continued across the road and into the ditch bordering the left side of the highway. The driver of the on-coming car, being suddenly confronted with the truck in the road ahead of him, apparently believed that he could avoid a collision only by leaving the road,

David A. Frank, of Dallas, Tex., for appellant.

Luther Hudson, of Fort Worth, Tex., for appellees.

Before FOSTER, HOLMES, and McCORD, Circuit Judges.

and he abruptly turned to the right and into the ditch, where his car crashed into the truck.

The brakes on the truck had been repaired the day before the accident, and were not defective. The three occupants of the truck offered the only testimony for the plaintiffs as to how the accident occurred. They were each suing the bus company in separate actions.

The bus company introduced testimony, by several witnesses, to show that, when the accident occurred, the bus was 100 feet to 150 yards in front of the truck; that the bus did not slow down after passing the truck, except in so far as its progress would be slowed by the removal of the driver's foot from the accelerator; that there was a school bus 30 to 60 yards ahead of the bus after it went ahead of the truck, and the automobile was approaching at a high speed. The occupants of the bus and its driver knew that an accident had occurred, but the bus did not stop.

Ordinarily, when the evidence presents such material conflicts, the case should be submitted to the jury if the plaintiff's pleadings and proof, when fairly construed most advantageously to him, establish negligence on the part of the defendant as the proximate cause of the injury suffered by the plaintiff.[1] The propriety of this procedure on the trial is not altered by the fact that all of the witnesses so testifying were interested. The weight to which the testimony of interested parties is entitled is a question for the jury.[2]

It is well settled that the drivers of vehicles on highways are under a duty to exercise reasonable care to avoid injury to any one. A driver is negligent when, abruptly and without sufficient warning, he stops or materially reduces his speed when another vehicle is close behind. In turn, the vehicle following must exercise ordinary care to avoid a collision.[3] The testimony of the plaintiffs made out a case of negligence against the bus company. Their testimony was contradicted, but not dis-

proved. It was not materially inconsistent with the physical facts, and was wholly reasonable.[4]

Under the case made out by the plaintiffs, there is no element of contributory negligence. The case was a proper one for submission to the jury. Its verdict is supported by substantial evidence, and is affirmed.

[1] Pryor v. Strawn, 8 Cir., 73 F.2d 595; Pullman Company v. Griffith, 5 Cir., 109 F.2d 612; Teche Lines v. Boyette, 5 Cir., 111 F.2d 579; Fitch v. Maverick County Water Control & Imp. Dist. No. 1, Tex. Civ.App., 58 S.W.2d 837.

[2] Reid v. Maryland Casualty Co., 5 Cir., 63 F.2d 10; City Investment & Loan Co. v. Wichita Hardware Co., 127 Tex. 44, 91 S.W.2d 683.

[3] Cardell v. Tennessee Electric Power Co., 5 Cir., 79 F.2d 934; Yturria v. Lankford, Tex.Civ.App., 4 S.W.2d 210; Yturria v. Everton, Tex.Civ.App., 4 S.W. 2d 211.

[4] Pullman Co. v. Griffith, supra; Teche Lines v. Boyette, supra; Pryor v. Strawn, supra.