## FITCH v. MAVERICK COUNTY WATER CONTROL & IMPROVEMENT DIST. NO. 1.

### No. 8995.

Court of Civil Appeals of Texas. San Antonio.

Feb. 15, 1933.

Rehearing Denied April 12, 1933.

Dave Watson and J. Franklin Spears, both of San Antonio, David E. Hume, of Eagle Pass, and Boyle, Wheeler, Gresham & Terrell, of San Antonio, for appellant.

Ben V. King, J. R. Murray, and Van Haile McFarland, all of Eagle Pass, for appellee.

FLY, Chief Justice.

The statement of the nature and result of the case made in his brief by appellant is admitted by appellee to be substantially correct, and will be accepted by this court. The statement is:

"This suit was brought by appellant against the appellee to recover on a quantum meruit for services rendered appellee in connection with the organization, formation and operation of the appellee, Water Control and Improvement District, and in procuring a contract between the appellee, after its organization, with the Central Power & Light Company for the purchase of power from appellee by said power company.

"The defendant answered plaintiff's petition by general demurrer, special exceptions and general denial, and for special defense pleaded Articles 7640 and 7652, Sections 36 and 41 of Article 7880, Articles 3995, 7720 and 7772, of the Revised Civil Statutes of Texas. The general demurrer and special exceptions were by the Court overruled and the case proceeded to trial before a jury. At the conclusion of all of the evidence the trial court granted the defendant's request for peremptory instruction and instructed the Jury to return a verdict for the defendant and in accordance therewith judgment was rendered that the plaintiff take nothing and that defendant recover its costs."

The cause having been taken from the consideration of the jury, it automatically assumes the position of a cause tried without a jury by the court. In such cases it would greatly assist the appellate court if the litigants demanded a finding of facts by the trial judge. Not only would this practice assist the courts, but it would clarify matters for the parties, and place them in a position to present the facts to the appellate court.

Appellant alleged that he was the active agent in procuring a contract from the Central Power & Light Company by which the company bound itself to pay for the use of surplus water to be used in generating electric power, the sum of $275,000 per year over a ten-year period, and the sum of $250,000 per year over an additional thirty-year period, and that such service was accepted by appellee with full knowledge that appellant expected to be remunerated for such service. There were other allegations of services performed that contributed largely to the success of the undertaking, and which services were accepted by appellee with full knowl-

edge that appellant expected reasonable compensation for the same. It is not contended that appellant did not state a cause of action; the claim being that the allegations were not sustained by any proof. The action of the court and the contentions of the parties necessitate an investigation of the statement of facts, in order to ascertain if there was proof of any facts which should have been considered by the jury. In the investigation of the evidence, we will follow the rule that the facts must be resolved most favorably for the party against whom the verdict was instructed by the court. The rule in cases in which verdicts have been instructed is thus stated in the case of Eastham v. Hunter, 98 Tex. 560, 86 S. W. 323, and followed in Harpold v. Moss, 101 Tex. 540, 109 S. W. 928: "In determining this question we must consider the evidence in its most favorable aspect for the plaintiffs in error, [appellant] disregarding conflicts and contradictions. They raised the issue of credibility, which was a question for the jury." If there be any material point in the case, concerning which there is a conflict in the evidence, the case is one for the jury, no matter how much the evidence may preponderate in favor of one party or another. Harpold v. Moss, hereinbefore cited: Wallace v. Cotton Oil Co., 91 Tex. 18, 40 S. W. 399. If it can be reasonably concluded from the testimony that appellant performed the alleged service which was beneficial to appellee, with the knowledge of appellee that he expected to receive remuneration for the same, the case should have gone to the jury. San Antonio v. French, 80 Tex. 575, 16 S. W. 440, 26 Am. St. Rep. 763.

The evidence was sufficient to indicate that important services, which were beneficial to the corporation, were performed for the corporation and accepted by it, and the only question that presents itself is, Was there testimony sufficient to indicate that the appellant would expect a compensation? Did the corporation, through its officers, know, or should it have known, that appellant was expecting remuneration for the important service rendered by him? If so, the corporation is bound, and, if there was any testimony tending to show that the corporation had such notice, a question of fact was created, and the jury alone had the right and authority to answer the question raised by the evidence; the jury being the exclusive judges of the weight of the testimony and the credibility of the witnesses. That there was evidence to establish an implied contract between the parties is fully sustained by the opinion in the case of Sluder v. City of San Antonio (Tex. Com. App.) 2 S.W.(2d) 841, 842:

"Since the decision in the French Case our courts have uniformly announced the doctrine that where a county or municipality receives benefits under a contract, illegal because not made in conformity with the Constitution or statute of the state, or charter provision of the city, it will be held liable on an implied contract for the reasonable value of the benefits which it may have received. In other words, while such contracts are void, and no recovery is permitted thereon, our courts hold that common honesty and fair dealing require that a county or municipality should not be permitted to receive the benefit of money, property, or services, without paying just compensation therefor. Under such circumstances, a private corporation would clearly be liable under an implied contract. There can be no sound reason why the same obligation to do justice should not rest upon a municipal corporation.

"An analysis of the decisions rendered since the decision of the French Case shows clearly that the rule therein laid down has been steadily adhered to."

The case of City of Denison v. Foster (Tex. Civ. App.) 28 S. W. 1052, goes farther and does not require any notice that the plaintiff intended to charge for his services, but it was only necessary that the services were performed and accepted. The decision is cited with approval in the Sluder Case, and we think, as held by that case, appellee would probably be estopped from denying its liability. Whether we accept that proposition or not, we hold that there were circumstances and facts which brought to the directors the knowledge that appellant expected remuneration for the services. In view of a reversal, we do not deem it proper to discuss all those facts, but we think the letter written to Mr. Wyche is conclusive, although at that time the corporation had not been organized, and he was only the president of the Eagle Pass Chamber of Commerce, but afterwards became a director of the corporation and its secretary. There is no doubt that the board of directors had knowledge of the contents of appellant's letter and knew that he would expect compensation for his services. The letter was written to correct a wrong impression created by his son, at that time county judge of Maverick county, as to what his father expected for his services.

We have considered this case on the assumption that appellant's testimony was true, which is required of us when considering an instructed verdict. That testimony should have been considered by the jury chosen for that purpose, and not arbitrarily taken away from the jury and the issues decided by the trial judge. To him the evidence may have been deemed worthless, if not untrue, and constituted no basis for the verdict of the jury. In this we are of opinion he erred, and that appellant should have the jury trial demanded by him and guaranteed to him by the organic law.

The judgment is reversed, and the cause remanded.