### AMERICAN NAT. INS. CO. v. VALENCIA.
### No. 3310.

Court of Civil Appeals of Texas. El Paso.
Feb. 6, 1936.

Rehearing Denied Feb. 27, 1936.

Claud J. Carter and Claud J. Carter, Jr., both of San Antonio, for appellant.

G. Woodson Morris, of San Antonio, for appellee.

WALTHALL, Justice.

On March 5, 1934, American National Insurance Company, issued a policy on the life of Rosendo Lopez, brother of appellee, and in which policy appellee was named as beneficiary. Rosendo Lopez died, and, the insurance company having failed and refused to pay said policy, appellee brought this suit to recover on said policy and for penalties and attorney fees.

Appellant answered by general demurrer and general denial, and further defended on the ground that the application and policy provide that there would be no liability unless the insured was in good health at the time of the delivery of the policy, and appellant alleges that the insured, Lopez, was not in good health at the time of the delivery of the making of the application and the delivery of the policy, but at such times he was suffering from tuberculosis, from which he died. Appellant also pleaded a release by appellee to her whole claim or cause of action, and also pleaded Rosen-

do Lopez, the insured, was not the one who made the application for said policy, but at that time was elsewhere and sick with tuberculosis.

On special issues submitted the jury found: Rosendo Lopez was the person who presented himself and signed the application for insurance; Lopez was in sound health at the time the policy was issued; the release signed by appellee was procured through fraud on the part of appellant's agent; $200 is a reasonable amount as attorney fee to be paid appellee's attorney for services in the prosecution of the claim. On appellee's motion for judgment, the court entered a decree canceling the release pleaded by appellant and entered judgment for appellee for the amount of the policy and interest thereon and penalty and attorney's fee and interest.

Appellant's motion for a new trial was overruled, and appellant appeals.

■ It was not error, under article 4477, rule 54a, of the Revised Civil Statutes, as added by Acts 1927, 1st Called Sess. c. 41, § 21 (Vernon's Ann.Civ.St. art. 4477, rule 54a), to permit in evidence the properly certified copy of the death certificate of the insured, Rosendo Lopez. Universal Life & Accident Ins. Co. v. Ledezma (Tex.Civ. App.) 61 S.W.(2d) 165.

■■ The court refused to admit in evidence a memorandum or document, offered by appellant, made by C. W. House, a case worker, investigator for the Bexar county board of welfare, commonly called the relief. The memorandum is substantially as follows: "11880. 1/18/34. Anastacio Lopez, 1208 Buena Vista. App. Wife and four children living in a two room house fairly furnished. Son Rosendo 'age 21' has T. B. and is confined to bed. Advised him to make app. for State Sanatorium. Daughter Luciana, 21, left by husband a few months ago. She is about to become a mother and has no one to help her along. App's. wife stepped on glass cutting her left foot badly. App. shells pecans making about $1.50 per week. A very needy family. Groceries issued. (Signed) C. W. House."

Without quoting the evidence, C. W. House, who made the memorandum, testified substantially that he saw and talked with the people mentioned in the memorandum; that the facts were as stated; said he did not tell Anastacio Lopez anything that is mentioned in the statement. Anastacio Lopez denied that he told House anything mentioned in the memorandum.

The paper evidently is a private memorandum of Mr. House in his investigation of the people mentioned in determining whether they are entitled to aid. The parties mentioned are not parties to the instrument, and the instrument does not recite the facts stated in the paper as facts between House and the parties named. What Anastacio Lopez said is not such material fact in this investigation as to admit the paper for the purpose of his impeachment. The memorandum does not state that House heard Rosendo Lopez or any of the parties mentioned make any statement noted in the paper, and the paper states only what House concluded was the matter with Rosendo. We think it was not error to exclude the paper.

■ There is no merit in appellant's third proposition. The inquiry was: What was a reasonable fee to be allowed appellee for services of her attorney? It was immaterial what contract the attorney had with appellee as to such fee. Article 4736 of the statutes, as amended by Acts 1931, c. 91, § 1 (Vernon's Ann.Civ.St. art. 4736).

■ Appellant assigns error to the overruling of its motion for an instructed verdict. The record shows that after appellee had rested her case appellant presented a motion for an instructed verdict, which the court overruled. Thereafter appellant proceeded to put on its testimony on its defensive matters pleaded. The rule is that a defendant, whose motion for an instructed verdict has been overruled, must elect as to whether he will stand on his motion or proceed with the introduction of his evidence. If he pursues the latter course, he waives his motion, and, if thereafter the evidence from all sources when finally concluded is sufficient to raise an issue of fact, the case must be submitted to the jury. Citizens' Mutual Life Ins. Ass'n v. Miles (Tex.Civ.App.) 77 S.W.(2d) 717.

■ Appellant alleged, in substance, that some person other than Rosendo Lopez, the assured, presented himself to appellant's agent for examination for said policy, and, through false representation to the agent that he was Rosendo Lopez, induced the agent to issue its policy. Appellant complains that it requested the court to submit to the jury a number of issues stated, which appellant says were raised by the evidence.

Appellant put in evidence the application for the policy. Appellant's agent who wrote the application testified that he per-

sonally knew Rosendo Lopez, and in his evidence described him fully by personal appearance, by name, age, weight, height, and the place he was working. Other witnesses testified that they knew Rosendo before and at the time the application was made, and that he was in good health.

The doctor who attended Rosendo in his last sickness and at the time of his death testified fully as to Rosendo's sickness; said he had no symptoms of tuberculosis, but did have and died of acute lobar pneumonia after about eight days illness. In our opinion neither the pleading nor the evidence raised any of the issues requested. The court, however, submitted, and the jury found, that Rosendo Lopez in person presented himself to the agent and signed the application for insurance.

The matter of the release was presented to the jury in the court's charge, and the jury, upon sufficient testimony, found in favor of appellee.

Finding no reversible error, the case is affirmed.