## AMERICAN NAT. INS. CO. v. HERNANDEZ.

### No. 10006.

Court of Civil Appeals of Texas. San Antonio.

April 21, 1937.

Claud J. Carter, of San Antonio, for appellant.

G. Woodson Morris, of San Antonio, for appellee.

SLATTON, Justice.

Abel Hernandez filed this suit in the county court at law No. 1, of Bexar county, against American National Insurance Company, upon a policy of insurance issued to Julio Aguillon. Trial to a jury resulted in judgment for the amount of the policy, penalty, interest, and attorney's fees. The trial court submitted the question of sound health of the deceased at the time the policy was issued, and the question of attorney's fees. Appellant complains that the evidence shows, as a matter of law, the unsound health of deceased at the time the policy was delivered; therefore the trial court erred in refusing to instruct for appellant, upon presentment of its timely request.

The evidence shows the policy was issued on the 20th day of August, 1934, and that insured died on the 22d day of September, 1934. It would serve no useful purpose to make an extended statement of all the evidence, suffice it to say there was an abundance of evidence showing the insured to be in sound health on the date of issuance and delivery of the policy, and evidence to the contrary. In this state of the record it was incumbent on the trial court to submit the issue to the jury. Fitch v. Maverick County Water Control & Improvement Dist. No. 1 (Tex.Civ.App.) 58 S.W.(2d) 837.

Appellant also complains that the finding by the jury of sound health of the insured on the date of the policy is against the great weight and preponderance of the evidence. A large number of witnesses testified that they knew insured about the time of the issuance of the policy, and knew him to be apparently in sound health. He was not attended by a doctor in his last illness. This contention is overruled.

Appellant complains of the exclusion by the trial court of the fact that appellee had assigned a one-half interest in this cause of action to counsel for appellee, contending that such evidence was admissible on the question of attorney's fees. This same question was determined adversely to appellant in American National Insurance Company v. Valencia (Tex.Civ. App.) 91 S.W.(2d) 832.

Appellant complains of the admission, over its objection, of the death certificate of the insured. Its admission is expressly approved in the Valencia Case, supra.

The judgment is affirmed.