## RESERVE LIFE INS. CO.

v.

### KELLY et ux.

No. 12642.

Court of Civil Appeals of Texas. San Antonio.

March 10, 1954.

Rehearing Denied April 7, 1954.

396

Barry, McCleery & Humphreys, Dallas, Joe Bailey Humphreys, Dallas, of counsel, for appellant.

Lloyd & Lloyd, Alice, for appellees.

NORVELL, Justice.

This is a suit brought by appellees to recover hospital and surgical expenses under an insurance policy issued by appellant. The jury found from a preponderance of the evidence that the cause of William C. Kelly's sickness originated after May 26, 1950. The principal contention presented upon this appeal is that this jury finding has no support in the evidence. On April 16, 1951, Kelly underwent an operation to correct a protruding intervertebral disc, and appellant contends that as there was no medical expert testimony that Kelly was in good health (i. e., not suffering from a degenerated disc) on May 26, 1950, he cannot recover.

The policy involved became effective upon May 11, 1950, and contained a provision that the insurance company "hereby insures * * * for loss caused by hospital and other expense resulting from sickness, the cause of which originates while the policy is in effect, and more than fifteen days after the date hereof."

There was no medical testimony that Kelly was not suffering from a degenerated intervertebral disc on May 26, 1950. Kelly, however, testified that he was in good health all during the year of 1950; that he had not been to a doctor for medical treatment since 1945, and that the trouble and pain which ultimately made an operation necessary did not evidence itself until January of 1951. As to his condition of health during 1950, Kelly was partially corroborated by Eugene Coonrad, a business associate.

It is undisputed that Kelly had suffered some back trouble in 1945. Kelly attributed this to arthritis, but the doctor who operated upon him in 1951 was of the opinion that there was a probable connection between the 1945 trouble and the protruded intervertebral disc which resulted in the 1951 surgery. This opinion of the doctor was in part based upon his remembrance of subjective symptoms related to him by Kelly, concerning which the doctor was admittedly not certain of his recollection. The presence of some of the subjective symptoms mentioned by the doctor was denied by Kelly and he likewise denied that he had related the same to the doctor. It seems also that one of the common indications of a protruding disc, severe leg pains, was not present until a few months before the operation was performed. However these various details may be regarded, it essentially appears that, insofar as a layman could tell, Kelly was in good health for a period of approximately five years before the policy was issued. Does this evidence, as against a medical expert's opinion that probably the protruded disc of 1951 was caused by, or resulted from the same cause as the back trouble of 1945, raise the issue submitted by the court to the jury?

We think the evidence properly raised the issue. Undoubtedly Kelly was a competent witness as to the condition of his health and freedom from sickness. Vann v. National Life & Accident Ins. Co., Tex.Com.App., 24 S.W.2d 347. The jury

was not required to accept the conclusion of the medical expert which in this case was rather uncertain and speculative. This is not a case in which lay testimony is not competent, nor is it a case wherein it can be said that reasonable minds cannot differ as to the conclusion contended for by appellant. American Casualty & Life Co. v. Butler, Tex.Civ.App., 215 S.W.2d 392; American Casualty & Life Co. v. Gueringer, Tex.Civ.App., 205 S.W.2d 423.

■ The above disposes of appellant's principal contention. Appellant's points relating to other matters fail to disclose a reversible error. The award of attorney's fees is supported by National Life Ins. Co. of U. S. A. v. Mouton, 113 Tex. 224, 252 S. W. 1040.

Judgment affirmed.