**RESERVE LIFE INS. CO., Appellant,**

v.

**Lois E. EVERETT et vir., Appellees.**

No. 14898.

Court of Civil Appeals of Texas.

Dallas.

Jan. 14, 1955.

Rehearing Denied Feb. 18, 1955.

See 276 S.W.2d 926.

Barry, McCleery & Humphreys and Joe Bailey Humphreys, Dallas, for appellant.

White & Yarborough and Fred A. Jones, Jr., Dallas, for appellees.

DIXON, Chief Justice.

This suit was instituted by appellees Lois E. Everett and her husband J. W. Everett on a hospital and surgical expense insurance policy. Judgment was rendered for appellees for $1,753.56 based on a jury verdict.

Appellant Reserve Life Insurance Company relies on three points of alleged error: (1) The overruling of appellant's motion for instructed verdict; (2) the overruling of appellant's motion for judgment; and (3) the instruction of the court to the witness Dr. Arthur Grollman to confine his opinions and conclusions as a physician and surgeon to his own examination, without consideration of the information he obtained by reading the medical histories compiled by other persons regarding the insured.

Appellees object to our considering appellant's points Nos. (1) and (2) on the ground that they are too general and multifarious to direct attention to a specific error. The said two points are indeed open to the criticism levelled at them by appellees.

Nevertheless we believe that under the circumstances it is not improper for us to pursue the course followed in a similar situation by the court in Herzstein v. Bonner, Tex.Civ.App., 215 S.W.2d 661, Ref. n. r. e. Therefore we shall proceed to consider the questioned points.

The policy of insurance was issued August 17, 1950, and premiums were thereafter paid covering all periods involved herein. The policy insures Lois E. Everett for "hospital confinement and other expense * * (b) resulting from sickness which originates more than fifteen days after the date hereof * * *." It further provides that there is no coverage of "hospitalization for nervous or mental disorders * * *," and that the maximum amounts named are the maximum amounts payable "as the result of any one * * * sickness * *."

Appellees sued for expenses incurred in three hospital confinements of Lois E. Everett: (1) Baylor Hospital from March 20, 1951 to May 13, 1951—a period of 54 days; (2) Baylor Hospital from August 4, 1951 to October 17, 1951—a period of 74 days; and (3) Parkland Hospital from December 5, 1951 to February 11, 1952—a period of 68 days.

The jury found that the first of the above hospital confinements was for bladder and kidney disturbance which originated more than fifteen days after August 17, 1950; the second hospital confinement was for collagen disease, which originated more than fifteen days after August 17, 1950, and that the third of said hospital confinements was for nervous or mental disorders. The jury also found that the sickness for which Lois E. Everett was hospitalized the first time was not the same sickness for which she was hospitalized the second time. Based on these findings, the court rendered judgment for appellees for expenses incurred in the first two hospitalizations, but denied recovery for expenses of the third hospitalization.

To determine whether the court erred in refusing to direct the verdict against appellees we must view the evidence in a light favorable to appellees. And if there is evidence of probative force in support of the verdict we must overrule appellant's first point.

Lois E. Everett testified in her own behalf. She said that to her knowledge there was nothing physically wrong with her in August 1950. She had had a physical examination in 1949 at Big Lake, Texas by Dr. J. F. Pattison, her family physician. She knew of no change in her condition from that time until the time she took out this policy of insurance. At the time she took out the policy she felt very well—no symptoms, no aches, no pains, nor was she running a temperature. In January 1951 she drove her automobile alone to Sacramento, California, a distance of 1600 or 1700 miles. When she arrived in California she had a severe chest pain and was coughing and had a cold, on account of which she entered a hospital. Upon her return to Texas she entered Baylor Hospital suffering with a severe headache and bladder and kidney trouble. She was having difficulty in voiding. She was then under the care of Drs. Scurry, O'Brien and Mitchell. On May 13, 1951 she was released from the hospital and returned to her home in Big Lake, Texas, where she resumed her duties as a housewife. She was no longer having serious difficulty in voiding.

Appellee Lois E. Everett further testified that in July 1951 she came to Dallas on a visit to her mother and while in Dallas she developed an acute swelling of her foot on or about August 2, 1951. She called Dr. Scurry who sent her to Baylor Hospital August 4, 1951. She testified that she had never had a nervous or mental disorder.

Dr. Arthur Grollman testified that Dr. Scurry had called him into consultation on the case. He had examined the patient on October 8, 1951 during her second confinement at Baylor Hospital. In his opinion she had one of the collagen diseases. He could not say whether it was of long or

recent standing—it was certainly not an acute illness. Collagen disease, the doctor said, involves the "so-called cement substance of the tissues; commonly something that affects all tissues."

The custodian of records at Baylor Hospital was called as a witness by appellee. The records of appellee's first hospitalization at Baylor Hospital showed that appellee was suffering from inability to urinate, and that Dr. O'Brien on March 31, 1951 did a cystoscopy, which is an investigation of the bladder by means of an instrument known as a cystoscope. The medical history showed that appellee in January 1951 had chest pains, coughing, and fever, diagnosed as strept pneumonia.

■ Appellant contends that appellees failed to sustain their burden of showing the *cause* of the illness of Lois E. Everett. There doubtless are policies whose express terms provide that the cause of illness must originate more than fifteen days after the date of the policy, as was the case in Reserve Life Ins. Co. v. Kelly, Tex.Civ.App., 266 S.W.2d 395. But the policy now under consideration contains no such provision. This policy provides that the *sickness,* not the cause of the sickness, must originate more than fifteen days after the date of the policy. We see no merit in appellant's contention. American Casualty & Life Co. v. Butler, Tex.Civ.App., 215 S.W.2d 392, Ref. n. r. e.

■ Appellant also contends that the testimony of Lois E. Everett was of a kind that only medical experts may give, and that it was improper to allow her, a layman, to testify as she did. We think her testimony was of a kind that a layman may give, especially when testifying about his or her own health. Vann v. National Life & Accident Ins. Co., Tex.Com.App., 24 S.W.2d 347; Reserve Life Ins. Co. v. Kelly, Tex. Civ.App., 266 S.W.2d 395.

■ In our opinion the evidence in the record is sufficient to support the jury's verdict. We overrule appellant's first point.

■ What we have said in regard to appellant's first point applies to its second point. Further, appellant did not file a motion for judgment non obstante veredicto. Its motion asked the court to disregard only the jury's answer to issue No. 4—that the sickness of Lois Everett originated more than fifteen days after the date the policy was issued. This was sufficient to challenge the jury's answer to issue No. 4, but not to the verdict as a whole. There were other answers favorable to appellees which the court could not disregard in passing on appellant's motion for judgment. Rule 301, Texas Rules of Civil Procedure; Jinks v. Whitaker, Tex.Civ.App., 195 S.W.2d 814; Barton v. Wood, Tex.Civ.App., 162 S.W.2d 147, Ref.w.m. We overrule appellant's second point.

■ We do not believe it was error for the court to give Dr. Grollman the instruction complained about in appellant's third point. The witness did not recall any personal history that the patient herself had given him. The medical histories which the court instructed the witness not to use as a basis of his diagnosis of the patient's illness were statements from other persons —hearsay. The questions propounded to the doctor were not hypothetical questions. We quote from McCormick and Ray, "Texas Law of Evidence," page 800: "Of course where the expert speaks from personal knowledge or observation he may give his opinion without an advance hypothetical statement. But if the witness cannot supply the facts upon which his expert inference is to be founded they must be presented hypothetically." See also Texas Indemnity Ins. Co. v. Wilson, Tex.Civ.App., 281 S.W. 289, Dis. We overrule appellant's third point.

The judgment of the trial court is affirmed.