**RESERVE LIFE INSURANCE COMPANY,**
Appellant,

v.

**John E. ROSS et ux., Appellees.**

**No. 10945.**

Court of Civil Appeals of Texas.

Austin.

April 4, 1962.

Joe Bailey Humphreys, Dallas, for appellant.

Cofer & Cofer, Douglass D. Hearne, Austin, for appellees.

ARCHER, Chief Justice.

This is an appeal from a judgment based on a jury verdict in favor of appellees.

The suit was filed against appellant on a hospitalization and medical policy. The parties stipulated that appellant's liability, if any, was $120.00 exclusive of penalties and attorneys' fees and a further stipulation was that $100.00 was a reasonable attorneys' fee.

The only question in the case and on which the Court submitted an issue, was whether or not the cause of the sickness of appellee, Mrs. Ross, for which she was hospitalized and operated on in October 1960 originated after January 1, 1960; fifteen days after the issuance of the policy.

The appeal is founded on eight points to the effect that the Court erred in overruling a motion for instructed verdict, in overruling the objections and exceptions of appellant to the Charge, in refusing appellant's special issue, in overruling motion for judgment, in overruling objections and exceptions to the judgment, in overruling motion for a new trial, and in overruling appellant's objection to the testimony of appellee's medical witness fixing the date the medical cause originated.

The jury found that the cause of Mrs. Ross' sickness did originate after January

1, 1960 and the judgment is based on this verdict.

■ We believe that the evidence was competent and supports the verdict. The policy of insurance was issued on December 17, 1959 and all premiums had been paid thereon. The insuring clause, is in part, as follows:

"Reserve Life Insurance Company * * * hereby insures * * (appellees) * * for the expense of medical treatment and surgery incurred while this policy is in force on account of the Insured * * *

(b) resulting from sickness the cause of which originates while this policy is in force and more than fifteen days after the date hereof, hereinafter referred to as such sickness * * *"

Mrs. Ross was hospitalized on October 24, 1960 to undergo a surgical operation to her spine by Dr. LaLonde, her physician. The operation was performed and Mrs. Ross remained in the hospital until she was released on October 30, 1960.

Dr. LaLonde, the only medical witness to testify, testified that he examined Mrs. Ross on October 20, 1960 for pain in her left arm, neck, and near her shoulder blade, and that she was suffering from radiculopathy, an abnormality consisting of compression of the spinal nerve root; that the cause of this October 20, 1960 radiculopathy was a cervical osteophytosis, or boney spurring of the vertebrae of the spine; that this diagnosis and cause was confirmed and that the cause of Mrs. Ross' sickness originated after January 1960, based on the fact of the acute nature of the October 20, 1960 pain and abnormalities and of the comparative x-rays taken between 1956 and 1960.

We overrule appellant's first point directed to the overruling of its motion for judgment since there was evidence of probative force in support of the verdict. Reserve Life Ins. Co. v. Everett, Tex.Civ.App., 275 S.W.2d 713, error ref., N.R.E.

There was no error in overruling appellant's objections and exceptions to the Charge and in refusing its requested issue. The issue requested was if the appellant acted in bad faith in failing to pay the policy benefits. There was no question but that appellees made demands for payment. (The expenses incurred by appellees as a result of the operation and hospital treatment was in excess of $700.00.)

Mr. Ross testified that proof of loss claims were submitted to appellant in December, 1960 and that he wrote a letter seeking payment of the claim. On January 4, 1961 appellant by letter denied any liability under its policy and again in March, 1961 appellant denied all liability.

■ The suit was filed on April 26, 1961. Art. 3.62–1, Texas Insurance Code, V.A.T.S., provides that delay in payment of losses shall impose damages with reasonable attorney's fees. We believe that the allowance of 12% damages as a penalty and the attorney's fee was proper in the case.

National Life & Accident Ins. Co. v. Dove, 141 Tex. 464, 174 S.W.2d 245; Reserve Life Insurance Company v. Miller, Tex.Civ.App., 300 S.W.2d 343, error ref., N.R.E.

■ The issue requested by appellant was an affirmative defense and if the appellant was entitled to the submission of an issue of "just cause" such should have been worded to place the burden of proof on appellant. The issue as requested placed the burden of proof on appellees, and if such had been submitted, it would have constituted reversible error.

Pride of Dallas Taxicab Co. v. Lawrence, Tex.Civ.App., 277 S.W.2d 169, error ref., N.R.E.; First National Life Insurance Company v. Vititow, Tex.Civ.App., 323 S.W.2d 313, error dism.

There was no error in rendering judgment upon the verdict of the jury.

■ The only issue was whether the "cause" of Mrs. Ross' sickness originated

after January 1, 1960 and the proof of which must be made to meet the wording of the policy. The issue as submitted fairly submitted the question to the jury.

Reserve Life Ins. Co. v. Kelly, Tex.Civ. App., 266 S.W.2d 395, error dism.

Appellant seeks to justify its action in denying liability under the policy solely on the basis that it was mislead by the Proof of Loss Statement signed by Dr. LaLonde. The physician's statement, in the part herein in issue, reads as follows:

"Patient had this condition in 1956— It was not corrected at that time. She was seen again recently, and surgery was performed. (10–20–60)"

Dr. LaLonde, at the trial, testified that he did not fill in the blanks in the statement which bears his signature. In answer to a question as to how he reconciled his testimony with the statement above set out, testified:

"A. That is very simple. The patient had radiculopathy in 1956, which was an attack. She also had an attack of radiculopathy in 1960. The cause of the radiculopathy, as far as I am concerned, was due to two different things.

"Q Now, on November 29, 1960, I will ask you what diagnosis you reported to my client?

"A The diagnosis that was put on this chart by my secretary was, 'Cervical disc protrusion.' This is an error. That's a technical error on the part of the staff of my office. That is not the correct diagnosis. The correct diagnosis is on her chart at the hospital."

The testimony of Dr. LaLonde stated that the cause of the sickness of Mrs. Ross, for which she was treated in October, 1960 originated subsequent to January 1, 1960 and constituted evidence on which the jury could and did base its verdict.

Reserve Life Insurance Company v. Miller, supra and cases therein cited.

 Opinions of qualified physicians and surgeons with respect to the physical conditions of a person are admissible. Such witnesses may testify as to the nature of disease or injury, whether temporary or permanent and as to the extent of incapacity or disability, whether total or partial, caused by the disease or injury.

Federal Underwriters Exchange v. Cost, Tex.Com.App., 132 Tex. 299, 123 S.W.2d 332.

The judgment of the Trial Court is affirmed.