**FIRST BANKERS INSURANCE COM-
PANY, Appellant,**

v.

**Ira HOWELL, Appellee.**

No. 7943.

Court of Civil Appeals of Texas.

Amarillo.

July 28, 1969.

Rehearing Denied Sept. 2, 1969.

Stigall, Maxfield & Collier, Dallas, for appellant.

Kirby, Ratliff & Sansom, Littlefield, for appellee.

DENTON, Chief Justice.

This is an action by Ira Howell upon a hospital and medical insurance policy. Trial was by jury and judgment was entered for the plaintiff upon the jury verdict. Parties will be referred to as they were in the trial court.

It is uncontradicted the policy sued upon was in full force and effect at the time of the alleged illness and hospitalization of the plaintiff. The defendant's answer included a general denial and the following limitations and exclusions contained in the policy:

"That the contract of insurance between the parties provided plaintiff with insurance against loss resulting from sickness, but only if the sickness or disability was contracted and originated subsequent to the issue date, and in this instance the claim of plaintiff is for sickness or disability contracted and originating prior to the issue date, and is not covered under the contract in issue,"

and

"Under Part IX, Exclusions; provides that no indemnity whatsoever shall be payable under this policy if any loss or disability resulting wholly or partially in or from illness involving ulcers or arthritis unless the cause originated after the policy had been in force for a period of six months after the issue date; and, further, does not cover sickness originating prior to the effective date of this policy, and, therefore, the claim of the plaintiff is not covered by the insurance contract."

Appellant first contends error was committed for the failure to find the alleged hospital and doctor's charges were authorized by a legally qualified doctor of medicine or osteopath and the absence of evidence to support such finding, if submitted. This provision of the insuring clause was not pleaded. The policy provides:

"The company will pay expenses authorized by a legally qualified doctor of medicine (M.D.) or osteopathic (D.O.) for hospital board and room and other miscellaneous expenses."

This provision is evidentiary in effect and will not be treated as a condition precedent to recovery under a hospital and medical insurance policy, where the insured be otherwise entitled to recover under the terms of such policy. American Casualty Company v. Horton (Tex.Civ.App.) 152 S.W.2d 395; American National Insurance Company v. Briggs (Tex.Civ.App.) 70 S.W.2d 491 (Dismissed); Provident Insurance Company v. Shull (Tex.Civ.App.) 62 S.W. 2d 1017.

The medical records of the Medical Arts Hospital pertaining to the plaintiff's confinement were introduced into evidence through the deposition of the hospital administrator. The insured's testimony that

he was examined and hospitalized on May 1, 1967 by Dr. Larry Shipp is supported by a handwritten "history and physical examination record" signed by Larry G. Shipp, M.D. on the same date. Copies of handwritten "physician's orders" also signed by Dr. Shipp are in evidence. A summarized report signed by Dr. Shipp gives a physical diagnosis of the plaintiff on May 6, 1967, the date of his release. We are of the opinion there was probative evidence the hospital and doctor's charges were authorized by Larry G. Shipp and that he was a legally qualified doctor of medicine.

Appellant next complains of the form of the special issue inquiring if "the sickness for which Ira Howell was hospitalized * * * did not originate in whole or in part prior to August 26, 1965". The defendant pleaded the policy exclusion that illness involving ulcers or arthritis would not be covered by the policy unless the cause originated after the policy had been in force for a period of six months. The policy was issued February 25, 1965. The policy had been in force six months on August 25, 1965, which is the date included in the special issue. Appellant takes the position the issue should have inquired if the "cause" of the sickness originated after the six months period; and that the issue was misleading in that it did not set out the specific sicknesses involved. That is, a separate issue should have been submitted concerning the origination of vertigo, ulcers and arthritis. It has been held that, for the purposes of an insurance contract the "cause" of a disease originates when the disease becomes manifest or active. American Casualty & Life Company v. Gueringer (Tex.Civ.App.) 205 S.W.2d 423; East Texas Life & Accident Insurance Company v. Carver (Tex.Civ.App.) 407 S. W.2d 251 (Dismissed.) The controlling question is: Was Mr. Howell suffering from a sickness on August 26, 1965 (six months after the effective date on the policy) which later caused his disability and resulting hospitalization? In our opinion, this gives the pleaded exclusion a common

sense construction. We find no error in the manner in which the submitted issue was framed, nor do we think the trial court erred in failing to submit separate issues as to each illness or disease the insured complained of just prior to his admission into the hospital. The physician's medical history shows the insured complained of epigastric pains, dizziness "which had gradually come on over the last month or so, and generally aching in joints". Howell testified he had not known he had arthritis and that any soreness in his joints was not any better or worse at the time of his hospitalization or before or since. He testified he experienced dizziness on several occasions for some two weeks prior to his being examined by Dr. Shipp. It was this condition that prompted him to see the doctor who then admitted him to the hospital. We think this testimony was the kind a layman may give when testifying about his or her own health. Reserve Life Insurance Company v. Everett (Tex.Civ.App.) 275 S.W.2d 713 (Ref. n. r. e.) and Reserve Life Insurance Company v. Kelly (Tex. Civ.App.) 266 S.W.2d 395 (Dismissed). Howell had been treated for an ulcer in 1964. He testified, and the hospital records of that illness, introduced into evidence by the defendant, show it had been cured at that time. We think the trial court correctly submitted the special issue rather than three separate issues pertaining to three different possible diagnosed ailments. In effect, the jury found the "sickness" for which Howell was hospitalized did not originate prior to August 26, 1965, some twenty months prior to the time he was actually hospitalized. The evidence supports the finding and is in compliance with the terms of the insurance policy.

Appellant next attacks the awarding of attorneys fees to the insured. The judgment awarded the insured $250.00 attorneys fees for the prosecution of this lawsuit in the trial court, and additional attorneys fees of $150.00 in the event of appeal to this court and the same additional

amount in the event of appeal to the Texas Supreme Court. The jury found $250.00 to be an amount that "would fairly and reasonably compensate Ira Howell for his attorneys fees necessarily incurred in the prosecution of this lawsuit". The defendant takes the position the finding should be disregarded in that there was no evidence as to what amount of money the insured was to be charged by his attorney, and that this was a necessary predicate for the recovery of such attorneys fees. The issue was in substantial compliance with 3.62, Texas Insurance Code, V.A.T.S. It is immaterial what contract the insured's attorney had with the insured. American National Insurance Company v. Valencia (Tex.Civ.App.) 91 S.W.2d 832 (Dismissed); American National Insurance Company v. Hernandez (Tex.Civ.App.) 104 S.W.2d 525. There is evidence to support the jury finding of the reasonable attorneys fees in prosecuting this lawsuit.

■ There are no pleadings or jury findings regarding the award of attorneys fees conditioned upon appeals being taken. The judgment shall conform to the pleadings, the evidence and verdict. Rule 301, Texas Rules of Civil Procedure. The verdict awarded $250.00 attorneys fees while the judgment awarded $300.00 additional attorneys fees in the event of an appeal to the two appellate courts. This latter provision of the judgment is unauthorized, but does not render invalid other provisions of the judgment which the court was authorized to render. Cooksey v. Jordan, 104 Tex. 618, 143 S.W. 141; Preferred Life Insurance Company v. Dorsey (Tex.Civ. App.) 281 S.W.2d 368 (Ref. n. r. e.). Therefore, the provision of the trial court's judgment awarding $300.00 attorneys fees in the event of appeal by appellant is void and of no force and effect.

■ Appellant next contends there was reversible error because of the jury argument of plaintiff's counsel. During the argument to the jury, plaintiff's counsel referred to the fact Dr. Shipp "could have said chronic duodentitis, he 'could have said chronic ulcer * * * but he didn't say that. He said it is duodentitis, and it is acute duodentitis.' ". These and similar statements were objected to on the ground the doctor had not testified. The statements of counsel referred to were taken from the doctor's medical report contained in the hospital medical records admitted into evidence. The gist of the argument was in answer to the defendant's pleaded exclusion that the sickness originated within six months of the prior date. We think the argument was within the record and was not calculated to cause and probably did not cause the rendition of an improper judgment, Rule 434, T.R.C.P.

■ Appellant next urges error in the trial court "taking this case from the trial docket for the date set" and ordering it to trial the following day. The present case was the third case of seven set on the jury docket for September 16, 1968. Upon the plaintiff's oral motion, the case was set for 1:30 p. m. on September 17. The case was then tried to its conclusion. The refusal of the trial court to dismiss this cause was not an abuse of its discretion. Rule 247, T.R.C.P. Appellant has shown no harm for the delay of the trial one day.

The judgment of the trial court awarding $300.00 attorneys fees in the event of an appeal by appellant is void and of no force and effect, but the judgment in all other respects is affirmed.

The judgment of the trial court, as reformed, is affirmed.