**INTERNATIONAL SECURITY LIFE IN-SURANCE COMPANY, Appellant,**

v.

**James CHESSHIR et ux., Appellees.**

No. 4432.

Court of Civil Appeals of Texas, Eastland.

May 28, 1971.

Rehearing Denied June 18, 1971.

A. J. Bryan, Fort Worth, for appellant.

Schulz, Hanna & Burke, Bob Hanna, Abilene, for appellees.

COLLINGS, Justice.

James Chesshir and wife brought suit against International Security Life Insurance Company to recover indemnities for medical expenses under a policy of hospitalization insurance, for penalty, and for attorney's fees through the trial court and on appeal. The trial was before the court without a jury and judgment was rendered for plaintiffs for $584.00 as indemnities and $70.14 as penalty. The court further rendered judgment for plaintiffs for $750.00 as attorney's fees through the trial court, $500.00 attorney's fees through the Court of Civil Appeals, $500.00 attorney's fees through application for a writ of error to the Supreme Court, and $350.00 attorney's fees through the Supreme Court if a writ of error should be granted. It was further decreed that if the case was not appealed to the Court of Civil Appeals all attorney's fees awarded beyond the trial court should be automatically remitted; that in the event of an appeal by the defendant to the Court of Civil Appeals and the judgment for plaintiff affirmed that all attorney's fees awarded to plaintiff for services beyond the Court of Civil Appeals he remitted automatically; that in the event the case should be appealed to the Court of Civil Appeals and the judgment affirmed and a writ of error to the Supreme Court of Texas applied for by defendant but not granted by the Supreme Court that all attorney's fees awarded beyond that point should be automatically remitted. The defendant has appealed.

Appellant, International Security Life Insurance Company, urges three points in which it is contended (1) that the court erred in awarding attorney's fees in the amount of $750.00 for services in the trial court on a claim of $584.50 because such an attorney's fee is clearly excessive, (2) that the court erred in awarding any attorney's fees in the event of an appeal because such an award is unauthorized and penalizes appellant for exercising its right of appeal and (3) that such an award is not authorized by Article 3.62 of the Texas Insurance Code, V.A.T.S., which was the only authority for the collection of attorney's fees in this case.

Article 3.62 of the Texas Insurance Code provides as follows:

"In all cases where a loss occurs and the life insurance company, or accident insurance company, or life and accident, health and accident, or life, health and accident insurance company liable therefor shall fail to pay the same within thirty days after demand therefor, such company shall be liable to pay the holder of such policy, in addition to the amount of the loss, twelve (12%) per cent damages on the amount of such loss together with reasonable attorney fees for the prosecution and collection of such loss. Such attorney fee shall be taxed as a part of the costs in the case. The Court in fixing such fees shall take into consideration all benefits to the insured incident to the prosecution of the suit, accrued and to accrue on account of such policy."

■ Concerning the reasonableness of the attorney's fee for services rendered to appellees in the trial court, Mr. Hanna testified that he filed an original petition, a request for admissions, and a first supplemental petition; that he took a deposition and appeared in court twice, once on the hearing of exceptions to the pleadings and then at the trial of the case. He testified in detail concerning the work done by him in the preparation for and trial of the case. An experienced attorney in the trial of cases involving personal injury suits and claims by injured parties and claims arising on hospitalization insurance policies testified that he was familiar with the customary fees in such cases in Taylor County and that the fees charged in the instant case were reasonable and customary. In our opinion, there is ample evidence showing that the $750.00 attorney's fee awarded by the court for the filing and prosecution of this case in the trial court was reasonable. Appellant's point to the contrary is overruled.

■ We also overrule appellant's second and third points in which it is contended in effect that Article 3.62, supra, does not authorize the award of attorney's fees on an appeal, and that such an award is not only unauthorized by the statute but penalizes an appellant for exercising the right of an appeal. Article 3.62 specifically provides for the payment of reasonable attorney's fees where an insurance company fails to pay a loss for which it is liable within thirty days. This provision for reasonable attorney's fees includes fees for necessary services in pursuing or defending an appeal. Numerous cases have so held. International Security Life Insurance Company v. Spray et vir, 468 S.W.2d 347 (Sup.Ct. May 26, 1971); Central States Life Insurance Company v. Byrnes, 375 S.W.2d 330 (Tex. Civ.App.1964, Ref. n. r. e.); American Bankers Life Insurance Company v. McDonald, 369 S.W.2d 688 (Tex.Civ.App. 1963, writ dism. W.O.J.); Scanlan v. Gulf Bitulithic Company, 27 S.W.2d 877 (Tex. Civ.App.1930, reversed on other grounds). Grimes v. Robitaille, 288 S.W.2d 211 (Tex.Civ.App.1956, Ref. n. r. e.).

The instant judgment for attorney's fees for services both in the trial court and on

appeal was final and not conditional. Remittiturs in specified amounts were provided for in the event that certain portions of appeal were not necessarily pursued or defended. This did not render conditional the judgment for appellate attorney's fees.

Both pleadings and evidence support the judgment for attorney's fees on appeal. It was not error for the court to render judgment therefor. International Security Life Insurance Company v. Spray et vir, supra; Security Life Insurance Company v. Executive Car Leasing Company, 433 S.W.2d 915 (Tex.Civ.App.1968, writ ref. n. r. e.). First Bankers Insurance Company v. Howell, 446 S.W.2d 711 (Tex.Civ.App.1969, Ref. n. r. e.).

The judgment is affirmed.