**REPUBLIC BANKERS LIFE INSURANCE COMPANY, Appellant,**

**v.**

**Jack F. HOFFMAN, Appellee.**

**No. 17886.**

Court of Civil Appeals of Texas, Dallas.

June 1, 1972.

Thomas L. Cook, Beard & Kultgen, Waco, for appellant.

James E. Price, Irving, for appellee.

GUITTARD, Justice.

Jack Hoffman recovered judgment on a jury verdict for disability benefits under a health insurance policy issued by defendant

Republic Bankers Life Insurance Company. Defendant appeals.

■ Defendant's first point asserts that the trial court erred in refusing to submit to the jury a series of issues concerning its pleaded defense of a fraudulent representation by plaintiff in the policy application that he had never had "mental illness." We overrule this point on the ground that there is no evidence to support this defense, and also on the ground that the issues requested did not include the essential issue as to whether the representation was false.

The question in the application was: "Have you * * * ever had rheumatism, paralysis, or mental illness?" The answer was indicated by checking the box marked "No."

In his testimony at the trial plaintiff admitted that before issuance of the policy his physician, Dr. Powell, sent him to a "medical psychologist," whom he visited once a week for approximately six months. He said the psychologist did not treat him for anything specific, just everyday problems that seemed to build up on him. No medication was prescribed. They just discussed his problems and each visit lasted about forty-five minutes. He testified that he did not put that down on his application for insurance because he was not mentally ill.

Medical records concerning one of the periods of hospital confinement now in question contain a notation that plaintiff "had quite a history of emotional upsets."

The requested issues would have inquired of the jury whether plaintiff answered "No" to the question whether he had ever had rheumatism, paralysis or mental illness, whether such answer was material to defendant in issuing the policy, whether plaintiff knew that the answer was false, whether such answer was with intent to misrepresent his medical condition to defendant, and whether defendant relied on such answer in issuing the policy. No issue was requested which would have inquired whether such answer was false.

■ We hold that the issues were correctly refused because the defense of intentional misrepresentation was not raised by the evidence. In order to avoid an insurance policy for fraud, false statements must have been made with knowledge of their falsity and with intent to deceive. Allen v. American National Ins. Co., 380 S.W.2d 604 (Tex.Sup.1964); Clark v. National Life & Accident Ins. Co., 145 Tex. 575, 200 S.W.2d 820 (1947). No evidence of intentional deception appears in this record. All it shows is that plaintiff had emotional upsets and consulted a psychologist weekly for several months about his personal problems. There is no evidence tending to show that plaintiff understood "rheumatism, paralysis, or mental illness" to include the kind of emotional problems he had experienced, or even that a person of ordinary intelligence would have so understood. It is significant that the term "mental illness" was included in the same question with such obviously disabling conditions as rheumatism and paralysis. It is also significant that Dr. Powell sent him to a psychologist rather than a psychiatrist. There is no evidence that plaintiff's emotional disturbance affected his activities or his general health. The jury had no reason to conclude that his emotional problems had an irrational basis. So far as this record shows, plaintiff may have been emotionally upset by circumstances that would have justified a normal person in seeking advice from a psychologist. Plaintiff testified that he was not in fact mentally ill, and there is no indication in the record that he did not hold that view when he signed the application. Consequently, there is no evidence of intentional fraud.

■ Moreover, the series of issues requested by defendant was properly refused because it omitted the essential element of falsity. The requested issue inquiring whether plaintiff knew that the answer in the application was false would not have

submitted the issue of falsity. It merely assumed it. The fact of falsity, as well as knowledge of falsity, must be established. Curry v. Curry, 153 Tex. 421, 270 S.W.2d 208 (1954); Steine v. Hillcrest State Bank, 423 S.W.2d 443 (Tex.Civ.App., Dallas 1967, no writ). Omission of the issue cannot be justified on the ground that falsity was established as a matter of law, since the evidence does not show conclusively that plaintiff's emotional disturbance would have been considered "mental illness" by an ordinary person in his circumstances.

■ Defendant's second point urges that the judgment for plaintiff is erroneous because plaintiff failed to meet his burden of establishing that the illness for which he was hospitalized on February 14, 1970 did not originate before issuance of the policy on November 23, 1969.

Defendant pleaded that plaintiff's mesenteric adenitis was excluded from coverage of the policy because it was a condition that existed before the issue date. The hospital records, as well as plaintiff's testimony, show that when plaintiff was admitted to the hospital on February 14, 1970, his complaint was recurrent pain in the right side of his abdomen of about two and a half weeks duration. Dr. Powell's initial impression was a liver or gall bladder ailment and "possible appendicitis or mesenteric adenitis." X-ray reports indicate that the liver and gall bladder were found to be normal. Dr. Powell requested consultation with a surgeon, Dr. Hendricks, who recommended an appendectomy. The surgeon's report shows that an incision was made in the right lower quadrant, the appendix was removed, and a "mesenteric lymph node" was excised for biopsy. Although the surgeon's pre-operative diagnosis was "acute appendicitis," his post-operative report was "mesenteric adenitis." This diagnosis is confirmed by a post-operative pathology report which shows no inflammation or ab-

normality of the appendix but does show "reactive hyperplasia" of the mesenteric lymph node. From this evidence the jury was warranted in concluding that plaintiff had no appendicitis or liver trouble and that the pain in his right side was caused by mesenteric adenitis.

The jury found that the illness plaintiff suffered from during his hospital confinement beginning February 14th was not the result of a pre-existing condition. Defendant argues that there is no evidence to support this finding, since there was no evidence that the mesenteric adenitis did not exist before issuance of the policy. We find that the record does contain such evidence. The only evidence that mesenteric adenitis existed before the policy is a notation in the medical records made by Dr. Hendricks. He noted that plaintiff had "pinching right lateral abdomen for last three weeks," and also, "he had previously had episodes of this on and off for short periods over last year." This latter notation is disputed by plaintiff, who testified positively that he had never suffered pain in his side similar to that for which he went to the hospital until a week or two before February 14th, and that he had not told Dr. Hendricks that he had episodes over the preceding year. We hold that this testimony is some evidence that the mesenteric adenitis was not a condition that existed before the issuance of the policy. In similar cases, testimony of the insured that before issuance of the policy he was not suffering from the condition for which he was later hospitalized has been held to raise a fact issue. Reserve Life Ins. Co. v. Everett, 275 S.W.2d 713 (Tex. Civ.App., Dallas 1955, writ ref'd n. r. e.); Reserve Life Ins. Co. v. Kelly, 266 S.W.2d 395 (Tex.Civ.App., San Antonio 1954, writ dism'd). Consequently, the judgment was properly rendered on the jury finding that his illness was not a pre-existing condition.

Affirmed.